139 N.J. Super. 66 (1976)
352 A.2d 591
WINIFRED MIKITKA, PETITIONER-APPELLANT,
v.
JOHNS-MANVILLE PRODUCTS CORPORATION, A NEW JERSEY CORPORATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 16, 1975.
Decided January 16, 1976.
*68 Before Judges MATTHEWS, LORA and MORGAN.
Mr. Edward W. Gorney argued the cause for appellant (Messrs. Chase, Rzemieniewski & Gorney, attorneys).
Ms. Dorothy Dygas argued the cause for respondent (Messrs. Wharton, Stewart & Davis, attorneys; Mr. Richard H. Thiele, Jr. and Ms. Joan L. Mott, on the brief).
PER CURIAM.
In this workmen's compensation case petitioner appeals from an order dismissing her claim petition for occupational disease on the ground that it was barred by the applicable period of limitation. N.J.S.A. 34:15-34.
Petitioner Winifred Mikitka was an employee of respondent Johns-Manville Products Corporation from April 9, 1956 until October 1970 when she retired. Several years before her retirement on March 31, 1967 she was awarded 7 1/2% partial permanent compensation for asbestosis, determined at that time to have been causally related to the conditions of her employment with respondent. Following the award she nonetheless continued her employment with respondent for about 3 1/2 years and, as previously noted, retired therefrom on October 1, 1970.
*69 In January 1972, less than two years after her retirement, petitioner filed a new claim petition, seeking additional compensation for an alleged increase in her disability resulting from the continued exposure to conditions of employment after rendition of the 1967 award. In September 1972 this petition was dismissed when petitioner's attorney admitted to the court that her doctor was unable to find any increase in her disability. Accordingly, an order of dismissal was entered which set forth the following:
It then and there appearing from representations of the petitioner's attorney that the petitioner was unable to offer any proofs supporting a finding of any measurable increase in permanent disability, and that the petitioner no longer wishes to prosecute the matter, made in open court, the attorney for the respondent thereupon moved for a dismissal of the claim petition.
About six months later, on March 3, 1973, more than two years after petitioner left her employment with respondent, the present claim petition was filed. In it petitioner alleged permanent injury to her lungs and respiratory system presumably due to continued exposure to dust and fumes until the date of retirement on October 1, 1970. The report of the same doctor who had been unable to find increase of disability in connection with the 1972 claim petition discloses that as of February 12, 1973 he found a disability of 32 1/2% of total for asbestosis with chronic bronchitis (as contrasted with a 7 1/2% partial permanent award in 1967) resulting from exposure to dust at the respondent's plant. During the hearing on respondent's application to dismiss this claim petition petitioner made clear that what was sought was compensation for permanent disability resulting from petitioner's 3 1/2 year exposure to conditions of employment following the 1967 award. No attempt was made to explore whether the nature of the disability asserted was asbestosis (the basis of the prior award), or chronic bronchitis, referred to in petitioner's doctor's latest report, or a combination of both. The claim petition itself did not *70 specify the nature of the disability claimed, only that it related to petitioner's lungs and respiratory system.
The pertinent time provision in effect on the date the present claim petition was filed required filing of a claim petition for occupational disease "within two years after the date on which the employee ceased to be exposed in the course of employment with the employer to such occupational disease * * * or within one year after the employee knew or ought to have known the nature of his disability and its relation to his employment, whichever period is later in duration." N.J.S.A. 34:15-34; emphasis supplied.
Although it is conceded that the claim petition was filed more than two years after exposure ceased, petitioner contends that it was filed within one year after she knew or ought to have known that her disability had increased from the exposure following the 1967 award, and was therefore timely. She contends that in the present context the words "nature of his disability" must be read to refer not only to the type of disability but also to the extent thereof. Respondent, on the other hand takes the position that petitioner indisputably knew of the fact that she was suffering from asbestosis contracted from employment because her 1967 award was for that disability and that therefore the "knowledge" provisions of N.J.S.A. 34:15-34 are not here applicable since knowledge preceded cessation of exposure. That being so, respondent contends that she is barred by the fact that her claim petition was not filed within two years after the date on which she ceased to be exposed to the cause of disability. The judge of compensation agreed with the respondent's position. We disagree.
The present petition must be distinguished from one in which the claim is for increased disability stemming from the same exposure as was the basis of the original award. Such claims are governed by N.J.S.A. 34:15-27 which provides for the review of a "formal award, determination and rule for judgment or order approving settlement" within two years of the date on which the injured person last received *71 a payment to determine the merits of an application "that the incapacity of the injured employee has subsequently increased." In such cases, the petitioner is seeking modification of the original award to reflect an increase in disability. In such an application the same cause is alleged for the increased incapacity as was alleged for the original injury.
In the present case, however, petitioner has filed a new claim petition; she is not seeking modification of the 1967 award. Rather, she contends that because of exposure to alleged deleterious conditions of employment occurring after entry of the 1967 award, she has suffered additional disability. Calabria v. Liberty Mutual Ins., 4 N.J. 64, 70 (1950). This is a new claim, not an attempted modification of a prior award. N.J.S.A. 34:15-27 and its two-year time limitation have no application to this new claim.[1]
This case is governed by N.J.S.A. 34:15-34 as it existed on the date the present claim petition was filed,[2] the terms of which have already been reviewed. Clearly the claim petition was not filed within two years after date of last *72 exposure. Accepting as we must petitioner's contention, for purposes of this appeal, that she first learned of her increase in disability from her doctor's report dated February 12, 1973, and that within a month thereafter her claim petition was filed, it is clear that she filed the claim petition within one year from the date on which she knew or ought to have known that she was suffering disability from her exposure following the 1967 award.
To accept respondent's position and that adopted by the judge of compensation would have the effect of barring her claim before she even had one. Thus, in September 1972 her prior claim petition was dismissed for lack of any evidence that she suffered disability from her continued exposure. The same doctor who could find no evidence of disability from that exposure in September 1972 found such evidence approximately six months later. Hence, it would seem that she had no claim, let alone knowledge of one, before the date on which her claim petition was filed.
We do not conceive that the Legislature intended the foregoing unreasonable and patently unjust result by use of the language referring to knowledge of disability in N.J.S.A. 34:15-34. We therefore conclude that in the unique circumstances of this case, the term "nature of his disability" encompasses not only the type of disability but the extent thereof. Hence, where an employee has once recovered compensation for an occupational disease and thereafter suffers additional disability from additional exposure to the conditions of employment after rendition of the original award, such an employee can file a claim petition for the disability so caused within a year (or now two years) after the employee knew or ought to have known of the increased disability stemming from the continued employment despite knowledge as to the type of disability acquired in connection with the original award. This rule, to be applied in these limited circumstances, will avoid the absurd result of possibly barring claims before they even existed.
*73 Although a departure from the literal terms of N.J.S.A. 34:15-34, this interpretation does no violence to the language thereof and is consistent with both the discerned legislative intent and with prior judicial interpretation thereof. In Bucuk v. Edward A. Zusi Brass Foundry, 49 N.J. Super. 187, 200-201 (App. Div. 1958), certif. den. 27 N.J. 398 (1958), the following meaning is attributed to the clause in question:
We may therefore sum up the controlling principle of construction by saying that the respondent can claim no more in respect of these statutory provisions than that the petitioner should have given it notice and filed his claim against it within the respective statutory periods after the point in time when he had knowledge of such facts as operated * * * to fasten disability [liability?] for compensation to the petitioner upon said respondent. If the disability as to which petitioner may be found to have had factual knowledge as of any particular point of time did not * * * fasten liability in compensation upon this respondent, time could not begin to run against the petitioner.
See also, Panchak v. Simmons Co., 15 N.J. 13, 21 (1954), wherein the thought is repeatedly expressed that notice or claim periods should not be held to run until "the employee knows or ought to know that he has a compensable injury." (Emphasis supplied).
In this case our concern is not only with when petitioner acquired knowledge of her claim, but also with when the claim itself came into existence. Respondent successfully obtained a dismissal of the previous claim petition in September 1972 when there was concededly no disability resulting from the continued exposure. As of that date, therefore, there was no claim and respondent is in no position to contend otherwise since it obtained a dismissal on that ground. Six months later, petitioner presents some indication, in the form of a doctor's report, indicating substantial disability other than that for which she already received compensation. Her claim, therefore had to have come into existence between the date of the September 1972 dismissal and the February 12, 1973 letter of her doctor upon which *74 she acted with dispatch in filing her claim petition within weeks thereafter. On no just basis that we can discern can it be said that her claim petition was not timely.
The order dismissing the claim petition is reversed and the matter remanded to the Division of Workmen's Compensation for trial of the claim petition.
NOTES
[1] We are not unmindful of the frequently progressive nature of asbestosis and take this occasion to note that in circumstances where N.J.S.A. 34:15-27 is solely applicable, that is where a petitioner seeks to reopen an award for increased disability resulting from the same exposure to conditions of employment as gave rise to the original award, circumstances may arise where, under the present statutory scheme, later serious manifestations of the disease, concededly resulting from employment may not be compensable. For example, should the disease stabilize itself for a period of more than two years following the last payment of compensation, and then resume its progressive course, even the most disabling of ultimate consequences thereof will not be compensable. In such circumstances, petitioner must be content with compensation for only the initial and less serious manifestation of this employment induced disease. If this result is not desired, reconsideration of the limitations inherent in this provision in the context of this kind of occupational disease should be given by the Legislature.
[2] N.J.S.A. 34:15-34 was amended effective July 3, 1974. The changes made, even if applicable to this case, would not change the result.