209 N.J. Super. 220 (1986)
507 A.2d 279
JOSEPH P. BRONICO, SR., PETITIONER-RESPONDENT,
v.
J.T. BAKER CHEMICAL COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1986.
Decided March 27, 1986.
*222 Before Judges FRITZ, BRODY and GAYNOR.
Robert J. Young argued the cause for appellant (Hoagland, Longo, Oropollo & Moran, attorneys; Robert J. Young, of counsel and on the brief).
Marc J. Gordon argued the cause for respondent (Margolis & Gordon, attorneys; Wayne J. Menz on the brief).
The opinion of the court was delivered by GAYNOR, J.A.D.
In this appeal we are called upon to determine whether a petitioner seeking compensation for an occupational hearing loss must make a prima facie showing of exposure to hazardous noises in terms of the decibel levels set forth in the supplementary hearing loss legislation of 1979 (N.J.S.A. 34:15-35.10 et seq.).
Respondent appeals from a judgment awarding petitioner compensation for a noise-induced occupational hearing loss, contending the award was improperly entered because of petitioner's failure to present proofs as to the intensity level of the asserted hazardous noise. Alternatively, it claims the compensation awarded should not have been based upon the rate and method of computation prescribed in the new law. We disagree with both of these contentions and affirm the award.
Petitioner had been employed by respondent for some 27 years at the time of the compensation hearing in February 1983. During the period 1967-1982 he worked in the maintenance department. In January 1980 he was awarded compensation for a 95% occupational hearing loss and in July 1981 he filed a further claim petition alleging additional hearing loss resulting in the award now before us.
The evidence adduced by petitioner consisted of his own testimony, the opinion testimony of his examining otolaryngologist and a medical report pertaining to the claimed concomitant *223 psychiatric disability. Petitioner did not present any proof of the decibel levels of the noise which assertedly caused his hearing loss. Respondent introduced the results of surveys of noise exposure and measurements of sound levels conducted during November 1974, May 1982 and March 1983 in buildings where petitioner had worked indicating noise levels within permissible limits. Although these tests were conducted prior and subsequent to the period when petitioner allegedly sustained the hearing loss, it was represented by respondent's witnesses that the noise levels could be expected to remain constant over the years.
In his findings, the judge of compensation concluded that while respondent's surveys indicated the noise emanating from the individual machines was within acceptable limits the combined operating noises of the machines in the maintenance shops produced decibel levels in excess of the permissible limits. He further found that petitioner's required proximity to certain machinery caused him to be exposed to noises which were louder than was reflected by respondent's measurements. The exposure to these noises was considered by the judge to be significant enough to increase petitioner's loss of hearing from 95% to 100%. As the increased disability was deemed to be the result of continued exposure occurring after petitioner's 1980 award, the judge utilized the rates and compensation methods set forth under the supplementary Act.
Claims for compensation based on noise induced occupational hearing loss are now governed by N.J.S.A. 34:15-35.10 et seq. This supplementary legislation enacted in 1979, in conjunction with the amendment of the Workers' Compensation Act, was designed to provide guidelines for compensating employees so disabled and its purpose was
to encourage prevention of occupational hearing impairment insofar as possible and to provide proper compensation when it does occur. It simplifies and standardizes the method of determining the percent of hearing disability and increases the amount of compensation for substantial hearing losses, minimizing or excluding compensation to those with a lesser degree of hearing impairment. It should also make hearing loss of greater concern to management and labor.

*224 [Joint Statement of the Senate Labor, Industry and Professions Committee and the Assembly Labor Committee to S. 3362 and A. 3071 (1979).]
The Act applies "where practicable, ... to all actions instituted [after its effective date] and to all proceedings taken subsequent thereto in all actions pending on such effective date...." L. 1979, c. 285 § 15. "Noise induced occupational hearing loss" is defined as a "permanent bilateral loss of hearing acuity of the sensorineural type due to prolonged, habitual exposure to hazardous noise in employment." N.J.S.A. 34:15-35.11.a. The Act defines "[p]rolonged exposure" as "exposure to hazardous noise in employment for a period of at least 1 year" and "habitual exposure" as "exposure to noise exceeding the allowable daily dose, at least 3 days each week, for at least 40 weeks each year." N.J.S.A. 34:15-35.11.c and 34:15-35.11.d. "Hazardous noise" is
noise which exceeds the permissible daily exposure to the corresponding noise level as shown in the following table:

 Permissible Daily
 Noise Level (dBA) Exposure
 90 8 hours
 95 4 hours
 100 2 hours
 105 1 hour
 110 30 minutes
 115 15 minutes

[N.J.S.A. 34:15-35.11.e]
The primary contention advanced by respondent in challenging the decision of the compensation judge is that petitioner failed to sustain his burden of establishing a prima facie case of an exposure to hazardous noises in accordance with the requirements of N.J.S.A. 34:15-35.11. It argues that in order to recover for a claimed occupational loss of hearing a petitioner must affirmatively show that the noise levels complained of were in excess of the statutory decibel limits. Thus, as no such evidence was presented by petitioner in this case, the claim petition assertedly should have been dismissed at the close of his proofs.
*225 Of course, the short answer to this argument is that respondent did not move for such relief but proceeded to adduce responsive evidence demonstrating the absence of hazardous noise in petitioner's workplace. As explained by respondent, it was unwilling to rest without presenting contradictory testimony in view of the general approach by compensation judges to consider that the specified noise levels were intended as affirmative defenses rather than a requirement of petitioners' proofs. It now seeks a determination that this is an erroneous application of the statute.
In our view, the practice of the compensation judges, as indicated by respondent, is in accord with what we consider to have been the legislative intent in establishing more specific requirements for a compensable occupational hearing loss, as such an interpretation and application of the statute furthers the objective of providing proper compensation for this kind of an occupational impairment. The construction advanced by respondent would have the opposite effect. Requiring a petitioner to support a claim for occupational loss of hearing with measurements of excessive noise levels would be an unreasonable stipulation in view of the difficulty, if not impossibility, of an employee conducting the necessary tests and surveys in the workplace. (See N.J.A.C. 7:29B-1.1 et seq. for the meticulous procedures to be followed in measuring noise.) Such a proof requirement would render it virtually impossible for an employee to obtain recovery for a hearing loss resulting from prolonged or habitual exposure to hazardous noises of the workplace. Clearly, this would not accord with the intended purpose of the legislation as imposing this burden upon a petitioner would thwart rather than further the objectives of the statute. A construction leading to such an irrational result should be avoided. See State v. Gill, 47 N.J. 441, 444 (1966); Division of Motor Vehicles v. Kleinert, 198 N.J. Super. 363, 368 (App.Div. 1985).
We therefore conclude that while a petitioner has the burden of proving an occupational hearing loss due to an *226 exposure to hazardous noises during the course of the employment, this burden of proof may be met without evidence of decibel levels in excess of the statutorily permissible limits. However, liability may be avoided by the employer, even if the workplace noise is the physical cause of petitioner's impairment, by proof that the noise levels did not exceed the limits set forth in the statutory definition of a hazardous noise. It is evident an employer is better able to make the required measurements and to maintain records of periodic testing of the noise levels in the places of employment. Indeed, as the legislation is designed to encourage prevention of occupational hearing impairment and to make hearing loss of greater concern to management, as well as to labor, these purposes would be furthered by the constant attention of employers to the decibel noise levels in the workplace.[1]
We find support for our construction of the statute in the decision of the Supreme Court of North Carolina in McCuiston v. Addressograph-Multigraph Corp., 308 N.C. 665, 303 S.E.2d 795 (1983). There, it was concluded the provision in the compensation statute that "[s]ound of an intensity of less than 90 decibels, A scale, shall be deemed incapable of producing occupational loss of hearing," N.C.G.S. 97-53(28)a., did not impose upon the employee the burden of proving excess noise levels as an element of his prima facie case. Rather, the statutory provision permitted the employer to avoid liability by establishing that the sound to which the employee was exposed did not exceed the intensity of 90 dBA. This was considered to be a reasonable construction of the statute as otherwise its purpose would be defeated because of the practical inability of an employee to obtain measurements of noise in his workplace.
*227 A review of the evidence produced before the compensation judge satisfies us that the conclusion that petitioner "had sustained a prolonged habitual exposure to loud hazardous noise within the meaning of the Act" was predicated on express findings which could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the judge to assess the credibility of the witnesses and also with due regard to the judge's expertise. Close v. Kordulak Bros., 44 N.J. 589, 599 (1965); DeAngelo v. Alsan Masons, Inc., 122 N.J. Super. 88, 89-90 (App.Div. 1973), aff'd o.b. 62 N.J. 581 (1973).
As petitioner's claim was based on continued noise exposure subsequent to his previous award in 1980, it was properly not considered a petition to review or modify the prior award under N.J.S.A. 34:15-27. Mikitka v. Johns-Manville Products Corp., 139 N.J. Super. 66, 71 (App.Div. 1976). The 1979 supplementary legislation governing occupational hearing loss therefore was applicable and the judge correctly utilized the rates and computation methods prescribed by the new law.
The judgment dated September 21, 1984 is affirmed.
NOTES
[1] Under 29 C.F.R. § 1910.95(c)(1985), Occupational Noise Exposure, Hearing Conservation Program, many employers are required to monitor noise levels in the workplace as part of a continuing, effective hearing conservation program for employees.