CHARLES W. McCUISTON, JR., Employee v. ADDRESSOGRAPH-MULTI-GRAPH CORPORATION, Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Carrier

No. 627PA82

(Filed 7 July 1983)

**Master and Servant § 67.1— workers' compensation—occupational loss of hearing—noise level—affirmative defense**

In seeking to recover workers' compensation for occupational loss of hearing, an employee does not have the burden of proving as part of his prima facie case that the workplace sound which caused his hearing loss was of intensity of 90 decibels, A scale, or more. Rather, proof that the sound causing plaintiff's injury was of an intensity less than 90 decibels, A scale is an affirmative defense available to the employer. G.S. 97-53(28)(a), (b).

ON discretionary review of the decision of the Court of Appeals, 59 N.C. App. 76, 295 S.E. 2d 490 (1982), affirming the decision of the North Carolina Industrial Commission filed 16 July 1981.

Plaintiff seeks an award of workers' compensation for loss of hearing resulting from his employment around noisy machines. Upon evidence presented by the parties, a deputy commissioner of the Industrial Commission determined that plaintiff suffered from a permanent 47.9 percent sensorineural loss of hearing in both ears which was caused by exposure to harmful noise in his workplace. Plaintiff had worked around noisy machines while employed by defendant Addressograph-Multigraph Corporation from 1 April 1952 through 25 September 1978. Pursuant to N.C.G.S.

97-53(28), plaintiff was awarded $168 per week for 74.55 weeks for his occupational loss of hearing. Defendants appealed this decision to the full Industrial Commission, which reversed the deputy commissioner. The full Commission concluded as a matter of law that plaintiff had the burden of proving that the noise level to which he was exposed during his employment with defendant was of an intensity of at least 90 decibels, A scale ("90 dBA") and that plaintiff had failed to meet this burden of proof. Plaintiff appealed the decision of the full Commission to the Court of Appeals, which affirmed. We granted plaintiff's petition for discretionary review 11 January 1983.

*James W. Workman, Jr., Lore & McClearen, by R. James Lore, and Hassel & Hudson, by Robin E. Hudson, for plaintiff appellant.*

*Smith Moore Smith Schell & Hunter, by J. Donald Cowan, Jr., and Caroline Hudson, for defendant appellees.*

*John C. Brooks, Commissioner of Labor for the State of North Carolina, amicus curiae.*

MARTIN, Justice.

The sole question for review is whether the Court of Appeals erred in holding that as a part of his prima facie case plaintiff must prove that the sound which caused his hearing loss was of intensity of 90 dBA or more. N.C. Gen. Stat. § 97-53(28)(a) (1979). We hold that the Court of Appeals did so err, and we reverse and remand.

N.C.G.S. 97-53(28) provides that an employee may recover compensation for "[l]oss of hearing caused by harmful noise in the employment." The statute continues:

    a. The term "harmful noise" means sound in employment capable of producing occupational loss of hearing as hereinafter defined. Sound of an intensity of less than 90 decibels, A scale, shall be deemed incapable of producing occupational loss of hearing as defined in this section.

    b. "Occupational loss of hearing" shall mean a permanent sensorineural loss of hearing in both ears caused

> by prolonged exposure to harmful noise in employ-
> ment. Except in instances of preexisting loss of hear-
> ing due to disease, trauma, or congenital deafness in
> one ear, no compensation shall be payable under this
> subdivision unless prolonged exposure to harmful
> noise in employment has caused loss of hearing in
> both ears as hereinafter provided.

N.C. Gen. Stat. § 97-53(28)(a), (b) (1979).

In the present case, neither plaintiff nor defendants have in-
troduced any evidence concerning the intensity level of the sound
which caused plaintiff's hearing loss. However, all of the evidence
shows that Mr. McCuiston in fact suffered from a loss of hearing
and that the physical cause of this infirmity was prolonged ex-
posure to harmful noise in his workplace.

In order to be eligible for compensation, an employee must
establish that he suffered from an "occupational loss of hearing,"
i.e., "a permanent sensorineural loss of hearing in both ears
caused by prolonged exposure to harmful noise in employment."
N.C. Gen. Stat. § 97-53(28)(b) (1979). The term "harmful noise" is
defined as "sound in employment capable of producing occupa-
tional loss of hearing . . . ." N.C. Gen. Stat. § 97-53(28)(a) (1979).
The question dispositive of this appeal is whether the following
part of N.C.G.S. 97-53(28)(a) is an element of plaintiff's prima facie
case, or whether it is an affirmative defense for the employer:
"Sound of an intensity of less than 90 decibels, A scale, shall be
deemed incapable of producing occupational loss of hearing as
defined in this section."

We hold that in order to establish a prima facie case plaintiff
must prove: (1) loss of hearing in both ears which was (2) caused
by harmful noise in his work environment. Upon so doing, the
burden of proof shifts to the employer. If the employer then
proves that the sound which caused plaintiff's hearing loss was of
an intensity of less than 90 decibels, A scale, plaintiff cannot
recover. In the present case plaintiff established a prima facie
case for recovery; therefore, to avoid liability defendants had to
prove that the sound to which plaintiff was exposed in the
workplace was of an intensity of less than 90 dBA. Defendants
failed to so do. Judgment must be entered for the plaintiff.

This interpretation of N.C.G.S. 97-53(28) is consistent with the General Assembly's creation of a statutory means by which an employee may recover compensation for loss of hearing caused by harmful noise in the workplace. It is unreasonable to assume that the legislature intended an employee to bear the burden of making noise-level measurements during his employment in order to lay the groundwork for a workers' compensation claim. Such an interpretation of the statute would make it virtually impossible for an employee to successfully bring suit for compensation for a hearing loss, due to the difficulty he would encounter in attempting to make measurements of sound on his employer's premises. A construction of the statute which defeats its purpose — to provide a means by which employees can recover for injury due to harmful workplace noise — would be irrational and will not be adopted by this Court. *See In re Banks,* 295 N.C. 236, 244 S.E. 2d 386 (1978); *State v. Hart,* 287 N.C. 76, 213 S.E. 2d 291 (1975); *Hobbs v. Moore County,* 267 N.C. 665, 149 S.E. 2d 1 (1966). We note that no presumption arises if the noise intensity level is 90 decibels or greater. Claimant must still prove a loss of hearing caused by harmful noise in the employment. The only reasonable interpretation of the legislature's intent in enacting the second sentence of N.C.G.S. 97-53(28)(a) is that it meant to allow an employer to avoid liability even if workplace noise is the physical cause of an employee's loss of hearing if the employer proves that the sound was of intensity less than 90 dBA.

That the General Assembly chose to permit this affirmative defense is consistent with the fact that 90 dBA is generally considered a threshold of safe noise under federal and state occupational health and safety standards.[1] Under such noise standards many employers are required to maintain a continuing effective hearing conservation program for employees exposed to occupational noise levels of 85 dBA or more.[2] 29 U.S.C. §§ 651-667 (1975);

---

1. *See generally* Occupational Noise Exposure; Hearing Conservation Amendment, 46 Fed. Reg. 4077-78, 4087-96 (1981) ("[t]here is an abundance of epidemiological and laboratory evidence that protracted noise exposure above 90 decibels (dB) causes hearing loss in a substantial portion of the exposed population . . . ."). *See also* American Industrial Hygiene Association, *Industrial Noise Manual,* 49-60 (2d ed. 1966).

2. Hearing conservation programs include: "1) periodic noise measurements; 2) engineering and/or administrative controls; 3) personal ear protection; and 4)

McCuiston v. Addressograph-Multigraph Corp.

29 C.F.R. § 1910.95(c) (1982); N.C. Gen. Stat. § 95-131 (1981); 13 NCAC 7C .0101(a) (1976) (and 1981 amendments) (adopting 29 C.F.R. § 1910.95). Even though under certain circumstances sound of intensity less than 90 dBA may cause loss of hearing, it is generally considered a safe noise level. Under N.C.G.S. 97-53(28) the General Assembly allows employers who maintain workplace noise below 90 dBA to avoid liability for hearing loss resulting from exposure to sound of less than this intensity level.[3]

We note that in order to comply with the federal and state occupational health and safety statutes mentioned above, many employers are required to systematically measure and record noise levels in their workplace. 29 C.F.R. § 1910.95 (1982); 13 NCAC 7C .0101(a) (1976 & amendments 1981). It seems clear that just as the burden is not on an employee to monitor dangerous noise levels under these acts, our General Assembly recognized that under the Workers' Compensation Act employees cannot be expected to set up the recording equipment and test their work environments for harmful noise in order to prove the intensity level of the sound causing them loss of hearing. Employers are in the best position to make such measurements, as occupational health and safety statutes recognize. Although the facts of this case are not typical because plaintiff was not restricted to a single workplace but went from plant to plant servicing machines, defendant employer could have determined the noise levels of these plants more readily than plaintiff. If an employer is able to marshall this information to demonstrate that the workplace noise level is less than 90 dBA, he may avoid liability for an employee's hearing loss caused by such noise.

audiometric monitoring." U.S. Department of Health, Education and Welfare, National Institute for Occupation Safety and Health, *Survey of Hearing Conservation Programs in Industry* at 1 (1975). *See also* Occupational Noise Exposure; Hearing Conservation Amendment, 46 Fed. Reg. at 4079 (1981) (amendment codified at 29 C.F.R. § 1910.95(c) (1982)).

3. By holding that the second sentence of N.C.G.S. 97-53(28)(a) affords employers an affirmative defense, we reject plaintiff's contention that the legislature intended the 90 dBA noise level to raise a rebuttable presumption that sound of less than 90 dBA could not in fact have been the cause of an employee's hearing loss. In the context of N.C.G.S. 97-53(28)(a), the phrase "shall be deemed incapable of producing occupational loss of hearing" creates a conclusive presumption that workplace noise of less than 90 dBA cannot cause occupational loss of hearing. *Cf. Watts v. Brewer*, 243 N.C. 422, 90 S.E. 2d 764 (1956).

In summary, we hold that in seeking to recover workers' compensation for occupational loss of hearing, an employee does not have the burden of proving as part of his prima facie case that the workplace sound which caused his hearing loss was of intensity of 90 decibels, A scale, or more. Rather, proof that the sound causing plaintiff's injury was of intensity less than 90 dBA is an affirmative defense available to the employer.

The decision of the Court of Appeals is reversed, and this case is remanded to the Court of Appeals for further remand to the full Commission with instructions that the Commission reinstate the award to plaintiff.

Reversed and remanded.