ROBERT G. HOBGOOD, EMPLOYEE v. ANCHOR MOTOR FREIGHT, EMPLOYER
AND ARGONAUT INSURANCE COMPANY, CARRIER


No. 8310IC771

(Filed 5 June 1984)

1. **Master and Servant § 96.1— ability of full Commission to modify award of Deputy Commissioner without hearing or having additional evidence**

    Under its plenary powers the full Industrial Commission "may adopt, modify, or reject the findings of fact of the Hearing Commissioner, and in doing so *may weigh the evidence and make its own determination as to the weight and credibility of the evidence.*" Therefore, where the evidence conflicted on the issue of plaintiff's status, as arising in the course of his employment, at the time of an accident, the Deputy Commissioner's finding that the accident did not arise out of and in the course of plaintiff's employment was not conclusive.

2. **Master and Servant § 55.4— review of workers' compensation award—failure to show manifest abuse of discretion**

    In a workers' compensation proceeding, defendants failed to show a manifest abuse of discretion on the part of the Commission in finding that an accident arose out of and in the course of an employee's employment.


APPEAL by defendants from order of the North Carolina Industrial Commission filed 14 February 1983. Heard in the Court of Appeals 2 May 1984.

*Young, Moore, Henderson & Alvis, P.A., by B. T. Henderson, II and Joseph W. Williford, for defendant appellants.*

*White and Crumpler, by David R. Crawford, for plaintiff appellee.*

BECTON, Judge.

Defendants appeal from an order of the North Carolina Industrial Commission (Commission) setting aside and modifying the opinion of the Deputy Commissioner. Finding that the Commission acted within its discretion and according to law, we affirm.

I

Robert G. Hobgood drove a truck for Anchor Motor Freight, delivering new cars to various cities in Eastern North Carolina and Virginia. After he had driven to Goldsboro and made a delivery there, he logged in as "off-duty" until he continued to Pinehurst the next day to make another delivery. While Hobgood was still at the Goldsboro delivery point, seated in the cab of the truck with a friend who had followed him from Virginia, a man smashed out the window and struck Hobgood with a pipe. The assailant demanded money. When Hobgood claimed to have none, the assailant shot him in the head.

Hobgood filed a worker's compensation claim with the Commission for his disabling injury. The Deputy Commissioner hearing the claim found and concluded that Hobgood's accidental injury did not arise out of and in the course of his employment with Anchor. Hobgood appealed to the Commission. His application for review merely designated the portions of the Deputy Commissioner's order to which he assigned error, and did not present any specific "good ground" for reconsideration. After reviewing the record, briefs, and arguments of the parties, but without taking additional evidence, the Commission modified the Deputy Commissioner's order by concluding that the accident *did* arise out of and in the course of Hobgood's employment, and by awarding medical expenses and total temporary disability payments accordingly. Defendants appeal.

II

[1] Defendants contend primarily that the Commission had no authority to modify the award of the Deputy Commissioner. Since

the evidence conflicted on the issue of Hobgood's status at the time of the accident, the defendants argue that the Deputy Commissioner's finding that the accident did not arise out of and in the course of his employment is conclusive. Our recent decision in *Pollard v. Krispy Waffle #1*, 63 N.C. App. 354, 304 S.E. 2d 762 (1983) compels us to reject this argument.

In *Pollard*, this Court reiterated the majority rule that only the findings of the Commission are conclusive, not those of the hearing officer. Under its plenary powers the Commission " 'may adopt, modify, or reject the findings of fact of the Hearing Commissioner, and in doing so *may weigh the evidence and make its own determination as to the weight and credibility of the evidence.*' (Emphasis added.)" *Pollard*, 63 N.C. App. at 358, 304 S.E. 2d at 764 (quoting *Hollar v. Montclair Furniture Co.*, 48 N.C. App. 489, 497, 269 S.E. 2d 667, 672 (1980) ); *see also Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976); *Robinson v. J. P. Stevens & Co.*, 57 N.C. App. 619, 292 S.E. 2d 144 (1982). The Commission was therefore not bound by the findings of the Deputy Commissioner.

### III

[2]  Defendants contend that N.C. Gen. Stat. § 97-85 (1979) requires appellants to the Commission to affirmatively show "good ground" for review. As this Court held in *Lynch v. M. B. Kahn Const. Co.*, 41 N.C. App. 127, 254 S.E. 2d 236, *disc. rev. denied*, 298 N.C. 298, 259 S.E. 2d 914 (1979), the Commission's powers of review are plenary, and the Commission's discretionary determination of "good ground" will not be reviewed absent a showing of manifest abuse.

The Commission relied expressly on the decisions of our Supreme Court in *Jackson v. Dairymen's Creamery*, 202 N.C. 196, 162 S.E. 359 (1932) and *Clark v. Burton Lines, Inc.*, 272 N.C. 433, 158 S.E. 2d 569 (1968), which are still good law. *Jackson* and *Clark* establish that an employee, like Hobgood, whose work entails travel away from the employer's premises, acts within the course of his employment continuously during the trip, unless there is proof of "distinct" *(Clark)* or "total" *(Jackson)* departure on a personal errand. Considering *Jackson* and *Clark*, the fact that Hobgood was in the employer's truck at the point of delivery,

whether he was logged on- or off-duty, does not determine his employment status.

We therefore conclude that the Commission correctly applied the law, and that defendants have shown no manifest abuse of discretion. The order is therefore

Affirmed.

Judges WELLS and JOHNSON concur.