GLYN G. PRESLAR, EMPLOYEE v. CANNON MILLS CO., EMPLOYER, SELF INSURED

No. 8510IC1226

(Filed 3 June 1986)

**Master and Servant § 68— workers' compensation—occupational hearing loss— augmentation of disability—amount of compensation**

Plaintiff was entitled to compensation for his entire occupational hearing loss rather than compensation only for the difference between his hearing loss established in 1984 and his hearing loss established prior to the 1 October 1971 effective date of N.C.G.S. § 97-53(28) where the evidence showed augmentation of plaintiff's occupational hearing loss proximately resulting from his employment with defendant after 1 October 1971. Plaintiff's use of hearing aids beginning in 1968 which he could turn off did not preclude plaintiff from claiming that he was last injuriously exposed to harmful noise after 1971 where the Commission found that plaintiff's hearing aids did not decrease the noise levels below 90 decibels.

Preslar v. Cannon Mills Co.

APPEAL by plaintiff and defendant from the opinion and award of the North Carolina Industrial Commission. Order entered 26 June 1985. Heard in the Court of Appeals 10 April 1986.

In 1933 plaintiff Glyn G. Presler (now deceased) began his employment with defendant Cannon Mills. During plaintiff's forty-seven years of employment with defendant, he was employed as a weaver, fixer, loom fixer and foreman in the weave department. The majority of plaintiff's tenure with defendant was spent in number two (2) weave room in plant number four (4), which housed approximately five hundred weaving looms. Plaintiff spent a lesser amount of time in other weave rooms, including weave room number one (1), which contained approximately one thousand weave looms. Weaving looms generate an extremely loud mechanical noise.

In 1968, plaintiff purchased hearing aids and on a daily basis began wearing them to work; plaintiff would turn the hearing aids off and use the inserted molds to shield his ears from the noise levels in the weave rooms, which defendant measured as being up to 104 decibels on the A scale of noise. The weave looms were operated simultaneously in a room with wooden floors and ceilings. Approximately two (2) years after plaintiff began his employment with defendant, plaintiff began experiencing a loud ringing in his ears. In 1981, plaintiff terminated his employment with defendant. On 6 March 1984, plaintiff filed a claim with the North Carolina Industrial Commission alleging an occupational hearing loss. On 3 October 1984 and 7 November 1984, hearings were held before Deputy Commissioner McCrodden. On 30 January 1985, Deputy Commissioner McCrodden entered an opinion and award and found as fact, *inter alia,* the following:

> 5. In 1972, an audiogram conducted for plaintiff showed threshold levels in both ears of 40, 55, and 60 decibels for the frequencies of 500, 1000, and 2000 Hz respectively. These measurements approximate plaintiff's hearing levels on 1 October 1971, at which time his binaural sensorineural hearing impairment was 38.5 percent.

> 6. In 1984 another audiogram showed threshold levels in the left ear of 55, 60, and 60 decibels for the frequencies of 500, 1,000, and 2,000 Hz respectively. For the right ear, plaintiff's

threshold of hearing was 50 decibels for 500 Hz, 60 decibels for 1,000 Hz, and 65 decibels for 2,000 Hz. Plaintiff's binaural sensorineural hearing impairment is 48.5 percent, ten percent greater than established prior to 1 October 1971.

Deputy Commissioner McCrodden concluded that defendant was liable for the difference between the 48.5% occupational hearing loss determined as of the date of disability and the 38.5% occupational hearing loss established prior to the effective date of G.S. 97-53(28). As compensation for plaintiff's ten percent (10%) occupational loss of hearing, defendant was ordered to pay plaintiff at a rate of $210.00 for fifteen (15) weeks. Plaintiff and defendant appealed to the Full Commission. The Full Commission overruled the exceptions and assignments of error as filed by the parties and adopted the opinion and award filed by Deputy Commissioner McCrodden. Plaintiff and defendant appeal.

*Lore & McClearen, by R. Edwin McClearen, for plaintiff appellant.*

*Smith, Helms, Mullis & Moore, by J. Donald Cowan, Jr. and Caroline Hudson, for defendant appellant.*

JOHNSON, Judge.

Although the cumulative effect of both parties appealing is an exception to virtually every action taken by the Full Commission, the primary issue brought forth by the parties' appeals is whether the Full Commission erred in awarding plaintiff compensation for the ten percent (10%) difference between his hearing loss established in 1984 and his hearing loss established prior to the 1 October 1971 effective date of G.S. 97-53(28). Plaintiff asserts that the Full Commission erred in not awarding him compensation for the entire occupational hearing loss (48.5%) to which his employment contributed. Defendant contends that the Full Commission was correct in concluding that G.S. 97-53(28) allows for no compensation for occupational loss of hearing occurring before 1 October 1971, but defendant further contends that the Full Commission erred in concluding that plaintiff was last injuriously exposed to the harmful noise from 1971 until 1981, the date of plaintiff's termination of his employment with defendant.

The identical issues that the parties have briefed and argued before this Court were decided by this Court in *Clark v. Bur-*

*lington Ind., Inc.*, 78 N.C. App. 695, 338 S.E. 2d 553 (1986) (defendant employer may be held liable for plaintiff's entire disability if plaintiff could show any augmentation of his occupational hearing loss, however slight, proximately resulting from his employment with defendant and occurring after 1 October 1971). In *Clark, supra*, this Court held the following:

> Following the principles of *Wood, supra*, and *Rutledge, supra*, we conclude that if plaintiff could show any augmentation of his condition, however slight, proximately resulting from his employment with Burlington, and occurring after 1 October 1971, then defendant Burlington could properly and constitutionally be liable for the entire disability. This is especially appropriate here, since Burlington does not deny that plaintiff has suffered occupational hearing loss and that his entire exposure to harmful noise came while employed with Burlington. The Commission's ruling that no compensation may be awarded for the loss of hearing existing prior to 1 October 1971 must also be reversed since it too was based upon an error of law.

*Clark* at 701, 338 S.E. 2d at 557.

Unlike *Clark, supra*, in the case *sub judice*, the Full Commission made findings of fact and conclusions of law which do not necessitate a remand "so that evidence may be considered in its true legal light." *Id.* Findings of fact made by the Industrial Commission are conclusive on appeal when they are supported by competent evidence. *Vause v. Vause Farm Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173 (1951). The Full Commission adopted Deputy Commissioner McCrodden's findings that plaintiff did not have any problems with his hearing prior to his employment with defendant and that plaintiff did not engage in any outside activities that would adversely affect his hearing. Defendant's own noise level measurements indicate that in plaintiff's work areas measurements were of an intensity greater than 90 decibels on the A scale. Thus, excluding the provisions of G.S. 97-53(28)(k), plaintiff was exposed to harmful noise within the meaning of G.S. 97-53 (28)(a). Defendant contends that the hearing aids worn by plaintiff since 1968 removed him from exposure to harmful noise. Deputy Commissioner McCrodden found as fact that plaintiff's hearing aids did not decrease the noise level below 90 decibels. Defendant

did not except to this finding when it sought the Full Commission's review of the opinion and award filed by Deputy Commissioner McCrodden. Upon reviewing the record on appeal, we find that this finding is supported by competent evidence and therefore is conclusive. *Id.* Moreover, there was testimony that plaintiff's exposure to decibel levels over 100 on the A scale while he was young set the stage for an accelerated rate of hearing loss and was a major contributing factor to the development of plaintiff's sensorineural hearing loss.

Defendant further contends that plaintiff's use of his hearing aids precludes him from claiming that he was last injuriously exposed to harmful noise after 1971. There was competent evidence to the effect that plaintiff's exposure to industrial noise from 1972 until his last day of work was an injurious exposure that augmented his permanent sensorineural hearing loss. Based on the competent evidence presented to the Industrial Commission, upon which its findings of facts are based, we find no error in its conclusion of law that, "During the course of plaintiff's employment with defendant he suffered permanent sensorineural loss of hearing in both ears caused by prolonged exposure to harmful noise in his employment." The burden was on defendant to present evidence that plaintiff, through the use of a hearing protective device, was removed from exposure to noise levels above 90 decibels after 1971. *See McCuiston v. Addressograph - Multigraph Corp.*, 308 N.C. 665, 303 S.E. 2d 795 (1983). *See also Clark, supra.* Defendant did not carry his burden and thus the Full Commission was also correct in its conclusions of law as follows:

2. On 1 October 1971, as a result of injurious exposure to harmful noise in his employment, plaintiff had suffered permanent sensorineural loss of hearing in both ears. G.S. 97-53(28).

3. Plaintiff was last injuriously exposed to harmful noise while he was employed by defendant from 1971 until his termination of employment in 1981. G.S. 97-53(28).

The Industrial Commission's conclusions of law, along with its findings of facts supported by competent evidence, are sufficient under *Clark, supra,* to entitle plaintiff to an award of compensation for his entire disability.

In light of the foregoing we need not address plaintiff's remaining Assignment of Error pertaining to his discovery requests which were denied by the Industrial Commission.

Reversed and remanded.

Judges ARNOLD and WHICHARD concur.