SELLERS v. LITHIUM CORPORATION

[94 N.C. App. 575 (1989)]

---

CLINE SELLERS, EMPLOYEE, PLAINTIFF v. THE LITHIUM CORPORATION, EMPLOYER, DEFENDANT AND NORTHWESTERN NATIONAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8810IC1297

(Filed 5 July 1989)

1. **Master and Servant § 68— workers' compensation—hearing loss—failure to show causal connection between employment and injury**

     Plaintiff failed to prove that noise in his work environment was the proximate cause of his hearing loss after 1974 where plaintiff was not in constant and immediate proximity to noise after that time and wore protective headgear, and medical evidence indicated that the hearing loss after 1974 might have resulted from a combination of aging, the incidence of hereditary hearing loss, or the blood-thinning medication plaintiff was taking.

2. **Master and Servant § 68— workers' compensation—hearing loss—sufficiency of showing of causal connection between employment and injury**

     The Industrial Commission properly concluded that plaintiff met his burden of proof with regard to hearing loss for the

period of time between October 1971, the effective date of N.C.G.S. § 97-53(28), and May 1974 where expert medical testimony clearly indicated that during this time, in which plaintiff was exposed to noise above 90 decibels in immediate proximity without the benefit of protective headgear, plaintiff's pattern and degree of hearing loss correlated to the kind of noise to which he was exposed.

**3. Master and Servant § 68— workers' compensation—hearing loss as occupational disease**

Though plaintiff's original awareness of hearing loss was precipitated by a single event, medical testimony indicated that the resulting disability was caused by repeated exposure to heightened levels of noise prior to 1974; therefore, plaintiff's claim was one for compensation for occupational disease rather than one for injury by accident, and plaintiff met the necessary filing requirements of N.C.G.S. § 97-58(b).

APPEAL by plaintiff and defendants from the North Carolina Industrial Commission. Opinion and award filed 25 January 1988. Heard in the Court of Appeals 6 June 1989.

On 25 January 1988 the Deputy Commissioner filed an opinion and award in favor of plaintiff. Upon appeal by plaintiff and defendants, the Full Commission affirmed. Both plaintiff and defendants appeal.

*Charles R. Hassell, Jr. for plaintiff.*

*Michael K. Gordon for defendants.*

LEWIS, Judge.

Plaintiff was employed by defendant, The Lithium Corporation, beginning in 1956 until his retirement in 1987. Plaintiff was born in 1924 and had not experienced problems with his hearing before his employment. In 1960 he was transferred to a department where his responsibilities included cleaning chemical residue from large metal pots. The pots were cleaned by beating them with a sledge hammer and throwing them down on a concrete slab to break loose the residue. On 13 May 1965 plaintiff was beating out a pot with a sledgehammer when he experienced pain, ringing in his ears and some hearing loss. Plaintiff made a report to his company superior and received medical attention. The ringing con-

tinued for the three-year period he worked in that department. From 1968 to 1974 plaintiff was employed in the Research and Development Department during which time he ran grinder machines without benefit of protective hearing devices. In May 1974 plaintiff was transferred to the shipping department where he did wear protective hearing devices and in which, according to his own testimony, the noise to which he was exposed was significantly reduced and no longer loud.

On 25 January 1988, the Deputy Commissioner filed an opinion awarding plaintiff compensation for 61.5% permanent binaural sensorineural hearing loss. Lithium Corporation was ordered to pay in a lump sum 92.25 weeks compensation at a rate of $80.00 per week beginning 12 May 1974. In addition to medical expenses and costs of the action, defendants were ordered to pay for a hearing aid evaluation and to provide plaintiff with proper hearing devices. Defendant and plaintiff appealed to the full Industrial Commission, which affirmed the Deputy Commissioner in an order filed 25 January 1988.

Plaintiff contends the Industrial Commission erred in finding that plaintiff was last exposed to harmful noise in May 1974 and in concluding that compensation should be calculated based on his wages at that time. Plaintiff also contends that compensation should be calculated instead from the date of his retirement in 1987.

Defendants bring forward two assignments of error. First, defendants contend that the Industrial Commission erred in finding that plaintiff suffered occupational hearing loss caused by exposure to noise after 1 October 1971 or at all. Second, they contend that plaintiff's claim for damages was not timely filed.

This Court's review of the Industrial Commission's decisions is limited to determining whether there is competent evidence to support the Commission's findings and whether the findings of fact support the Commission's conclusions of law. *Clark v. Burlington Industries, Inc.*, 78 N.C. App. 695, 338 S.E. 2d 553 (1986), *cert. denied*, 316 N.C. 375, 342 S.E. 2d 892 (1986). Where no crucial element of evidence is ignored and no error of law made, it is not the role of this Court to substitute our judgment for that of the Commission.

[1] To establish a prima facie case for compensation under G.S. 97-53(28) plaintiff must prove (1) loss of hearing in both ears which

was (2) caused by harmful noise in his work environment. *McCuiston v. Addressograph-Multigraph Corp.*, 308 N.C. 665, 303 S.E. 2d 795 (1983). Once these requirements are met, the burden of proof shifts to the employer. If the employer then proves that the ambient noise level was less than 90 decibels, plaintiff cannot recover. "Ambient" is a term used in OSHA records and cases. The term was first used by a North Carolina court in *Clark v. Burlington Industries, Inc.* but is not defined as to proximity. A plaintiff who proves exposure to noise above 90 decibels must still prove in addition that this noise caused his hearing loss. *McCuiston v. Addressograph-Multigraph Corp., supra.* Though the evidence may suggest that plaintiff was exposed to ambient noise above 90 decibels subsequent to 1974, he also wore protective ear devices. We conclude that plaintiff has not proven that noise was the proximate cause of his later hearing loss.

As the Industrial Commission indicated in its finding, plaintiff himself testified that he did not hear particularly loud noises after May 1974. Subsequent to that time plaintiff was not in constant and immediate proximity to noise and wore protective headgear. The expert medical testimony plaintiff cites to substantiate that hearing loss was caused by noise levels between 1971 and 1977 is subsequently qualified for the period of time after 1974 when the facts of the plaintiff's transfer are brought to light. Plaintiff contends that his hearing loss was progressively worse after 1974 and that there was no cause for such loss other than prolonged occupational exposure to noise. We find this argument unpersuasive. For as Dr. Kenan's testimony indicates this later hearing loss may have resulted from a combination of aging, the incidence of hereditary hearing loss, or the blood-thinning medication plaintiff was taking. The presence of both circumstantial and medical factors makes it impossible for us to conclude that plaintiff's augmented hearing loss after 1974 resulted from the levels of noise to which he was thereafter exposed. In the absence of any omission of evidence or mistake of law, the Commission's judgment balancing these factors against ambient noise levels must be upheld. *Clark v. Burlington Industries, Inc., supra.*

[2]    We also affirm the Commission's conclusion that plaintiff has met the burden of proof for the period of time between October 1971, effective date of G.S. 97-53(28), and May 1974. Expert medical testimony clearly indicates that during this time, in which plaintiff was exposed to noise above 90 decibels in immediate proximity

without the benefit of protective headgear, plaintiff's pattern and degree of hearing loss correlates to the kind of noise to which he was exposed. In *Clark v. Burlington Industries, Inc., supra,* this Court held that any augmentation of previously existing occupational hearing loss "however slight" entitles plaintiff to compensation for the entire disability from the date of last exposure. Plaintiff is therefore entitled to compensation according to his wages at the time of last exposure in 1974.

[3] Finally, we consider defendant's contention that plaintiff's claim was not timely filed. Defendants contend that since the original hearing loss was caused by a specific event, the claim is one for compensation for injury by accident and should meet the requirements of G.S. 97-22 for reporting an injury by accident. We believe plaintiff's claim is one for compensation for occupational disease and that plaintiff has met the necessary filing requirements set forth in G.S. 97-58(b) and (c). Though plaintiff's original awareness of hearing loss was precipitated by a single event, medical testimony indicates that the resulting disability was caused by repeated exposure to heightened levels of noise prior to 1974.

Affirmed.

Judges BECTON and PHILLIPS concur.