CANDY STREZINSKI, Employee, Plaintiff-Appellant, Cross-Appellee v. CITY OF GREENSBORO, Employer, and KEY RISK MANAGEMENT SERVICES, Carrier, Defendants-Appellees, Cross-Appellants

No. COA07-563

(Filed 18 December 2007)

**1. Workers' Compensation— hearing loss—causal link to occupation—not established**

The Industrial Commission's conclusion in a workers' compensation case that a 911 dispatcher had not suffered an occupational hearing loss within the meaning of the statute was proper. Plaintiff did not establish a causal link between her hearing loss and her alleged workplace exposure.

**2. Workers' Compensation— hearing loss—findings—supported by evidence**

The findings of the Industrial Commission in a workers' compensation case involving hearing loss by a 911 dispatcher were supported by the evidence.

**3. Workers' Compensation— deputy commissioner's findings—consideration by full Commission**

The Industrial Commission did not err in a workers' compensation case in its consideration of the deputy commissioner's findings of fact. The full Commission may weigh the same evidence that was presented to the deputy commissioner and decide for itself the weight and credibility of the evidence. It may even strike the deputy commissioner's findings entirely.

**4. Appeal and Error— notice of appeal—timeliness—direct appeal from agency—Rule 18**

The Court of Appeals had no jurisdiction over defendant's appeal in a workers' compensation case where the notice of appeal was not timely under Rule 18 of the Rules of Appellate Procedure. This is a direct appeal from an administrative agency rather than a civil case, so that it is governed by Rule 18 rather than Rule 3.

Appeal by plaintiff and cross-appeal by defendant from an opinion and award of the Full Commission of the North Carolina Industrial Commission entered 30 January 2007 by Commissioner Dianne C. Sellers. Heard in the Court of Appeals 15 November 2007.

**STREZINSKI v. CITY OF GREENSBORO**

[187 N.C. App. 703 (2007)]

*Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner, for plaintiff-appellant/cross-appellee.*

*Smith Moore, LLP, by Caroline H. Lock, for defendants-appellees/cross-appellants.*

JACKSON, Judge.

Candy Strezinski ("plaintiff") appeals the denial of her workers' compensation claim by the Full Commission of the North Carolina Industrial Commission in its Opinion and Award dated 30 January 2007. The City of Greensboro ("defendant") appeals the denial of costs and attorney fees in the same Opinion and Award. For the reasons stated below, we affirm in part and dismiss in part.

Plaintiff began her employment with defendant as a telecommunicator, or 911 dispatcher, on 1 July 1997. Prior to applying for a position with defendant, plaintiff had surgery to correct hearing loss which the doctor attributed to chronic ear infections. Upon her application for employment with defendant, plaintiff's hearing was tested and the results demonstrated no hearing loss.

At various times throughout her employment, plaintiff used three types of telephone headset. Each type was routed through an amplifier which was plugged into a computer console at her workstation. Plaintiff had the ability to control the volume of the amplifier.

In her position, plaintiff was exposed to 911 callers yelling over her telephone headset, as well as police and fire sirens both through the headset when she was speaking directly with emergency personnel and over her computer console when she was using the headset to speak to 911 callers.

During the course of her employment, plaintiff continued to suffer from ear infections and other ailments. She also suffered bilateral conductive hearing loss and mild sensorineural hearing loss in the left ear. She underwent surgery in 2003 to correct her conductive hearing loss. Although the surgery eliminated all or most of her conductive hearing loss in the left ear, her mild sensorineural hearing loss remained.

Plaintiff saw her doctor for hearing problems on 17 March 2003, the alleged date of "injury," and first notified her supervisor about her condition on 11 April 2003. A senior claims representative informed plaintiff on 22 April 2003 that her claim was denied. On 18 July 2003,

plaintiff, appearing *pro se*, filed a request that her claim be assigned for hearing with the Industrial Commission. Defendant responded 2 September 2003. Plaintiff's attorney filed a notice of the alleged accident and claim to her employer on 11 November 2003. An amended request for hearing was filed 14 November 2003.

In September 2004, plaintiff was promoted to a supervisory position. Although her telecommunicator duties lessened, she still was required to use a headset and perform telecommunicator duties on an occasional basis, such as when the call center was short-handed, extremely busy, or when she was relieving someone who was at lunch or on a break.

At a hearing before a deputy commissioner on 25 January 2005, both plaintiff and the assistant director of communication testified. It was not until after appearing before the Industrial Commission that plaintiff sought medical opinions about her hearing loss. On 28 January 2005, plaintiff saw Dr. John Mundy ("Dr. Mundy"), the doctor who had performed her 2003 surgeries. Dr. Mundy's impression was that plaintiff's audiogram was "not suggestive of primary noise-induced hearing loss." That same day, plaintiff saw Dr. James Crossley ("Dr. Crossley"), who had performed her 1997 surgery. Dr. Crossley gave no opinion at that time as to causation because he did not have the results of Dr. Mundy's audiogram. Dr. Mundy and Dr. Crossley were deposed 1 March and 7 March 2005, respectively. At Dr. Crossley's deposition, he agreed that given plaintiff's greater loss of hearing in lower frequencies, her hearing loss was not likely due to noise exposure.

The deputy commissioner filed an opinion and award on 1 May 2006, granting plaintiff's claim. Defendant appealed to the Full Commission. On 30 January 2007, the Full Commission denied plaintiff's claim and declined to award costs and attorney fees to defendant. Plaintiff filed her notice of appeal on 21 February 2007; defendant filed its notice of appeal on 5 March 2007.

[1] Plaintiff first argues that the Full Commission applied the wrong standard of proof to an occupational disease hearing loss claim. We disagree.

This Court's review of an award from the Full Commission is "generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360

N.C. 41, 43, 619 S.E.2d 491, 492 (2005). This Court may set aside the Industrial Commission's findings of fact on appeal only when there is a complete lack of competent evidence to support them, because the commissioners are the sole judges of the credibility of the witnesses and the evidentiary weight to be given to their testimony. *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000). Findings of fact that are not challenged on appeal are binding on this Court. *See Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118, *disc. rev. denied*, 357 N.C. 460, 595 S.E.2d 760 (2003). In addition, findings of fact to which error is assigned but which are not argued in the brief are deemed abandoned. *See Myers v. BBF Printing Solutions*, 184 N.C. App. 192, 194, 645 S.E.2d 873, 875-76 (2007) (citing N.C. R. App. P. 28(b)(6) (2007)). The Commission's conclusions of law, however, are reviewed *de novo*. *Griggs v. Eastern Omni Constructors*, 158 N.C. App. 480, 483, 581 S.E.2d 138, 141 (2003).

Hearing loss that is caused by harmful noise in the employment is a compensable occupational disease pursuant to North Carolina's Workers' Compensation Act. N.C. Gen. Stat. § 97-53(28) (2005). In order to recover for such hearing loss, plaintiff must establish facts to support a *prima facie* case. To do so, she must prove "(1) loss of hearing in both ears which was (2) *caused* by harmful noise in [her] work environment." *McCuiston v. Addressograph-Multigraph Corp.*, 308 N.C. 665, 667, 303 S.E.2d 795, 797 (1983) (emphasis added).

Plaintiff correctly cites *McCuiston* as establishing the elements for her claim, but states that in order to prevail, she must prove only that she has suffered hearing loss in both ears and that she was exposed to harmful noise in her workplace. She argues that, as *McCuiston* directs, once she has proven those elements, the burden shifts to the employer to prove that the sound was of less than ninety decibels. *See id.* However, as this Court recently stated, "[i]t is well settled that, in order to establish a compensable occupational disease, the employee must show a causal connection between the disease and the claimant's employment." *Kashino v. Carolina Veterinary Specialists Med. Servs.*, 186 N.C. App. 418, 421, 650 S.E.2d 839, 841 (2007) (internal quotations omitted) (citations omitted). In *McCuiston*, the plaintiff established such a *prima facie* case; therefore, the burden shifted to the defendant. In the case *sub judice*, if plaintiff failed to establish the element of causation, defendant would not be required to prove the level of sound in the workplace.

Plaintiff has assigned error to many of the Full Commission's findings of fact. Those not challenged or in support of which no argument is made in the brief are binding on appeal.

The Full Commission made the following findings of fact relating to the element of causation:

2. As a child, plaintiff suffered from recurrent ear infections requiring treatment by a physician. These problems continued into adulthood. Plaintiff also has a history of allergy to dust mites, and has experienced significant problems with upper respiratory infections. Plaintiff has been treated at the Karam Family Practice for ear infections, sinusitis, bronchitis, acute labyrnthitis, upper respiratory infections, allergic rhinitis, asthmatic bronchitis, pharyngitis, and bilateral Eustachian tube dysfunction.

. . . .

11. Plaintiff uses a telephone headset to perform her job duties. . . . Each of [the three types of headsets plaintiff has used] is connected to an amplifier which plugs into the computer console or station at which plaintiff works. The amplifier has a volume control, which plaintiff is able to adjust throughout the day.

. . . .

16. During the course of her employment with defendant, plaintiff has continued to suffer problems with recurrent ear infections, upper respiratory infections, sinusitis, bronchitis, labyrinthitis, and allergic rhynitis [sic].

17. Plaintiff has been treated for these complaints on numerous occasions . . . .

. . . .

30. Plaintiff returned to Dr. Mundy on January 28, 2005 . . . .

31. Dr. Mundy opined that plaintiff's audiogram was not suggestive of noise-induced hearing loss. Dr. Mundy further testified that it is unlikely that plaintiff's sensorineural hearing loss was caused by noise exposure, as noise induced hearing loss typically occurs to a greater extent in the higher frequencies, whereas plaintiff's hearing loss is greater in the lower frequencies. While Dr. Mundy testified that if plaintiff were exposed to greater than 90 decibels of noise over an eight hour work shift on a daily basis,

such exposure could have contributed to her sensorineural hearing loss, he also made it clear that it was possible but unlikely. Dr. Mundy's testimony remained that it is unlikely that plaintiff's sensorineural hearing loss is noise induced.

32. Plaintiff treated with Dr. Crossly [sic] on January 28, 2005. Upon physical examination, plaintiff's left tympanic membrane was intact but thinner and slightly retracted. The mobility of the ossicular chain was not as great as in the right ear. Dr. Crossly [sic] subsequently reviewed Dr. Mundy's records, including the audiogram. Dr. Crossley opined that plaintiff's sensorineural hearing loss is probably caused by chronic ear infections, based on the fact that plaintiff's sensorineural hearing loss was greater in the lower frequencies than in the higher frequencies. Dr. Crossley opined that plaintiff's sensorineural hearing loss is not likely due to noise exposure.

. . . .

34. Based upon the greater weight of the evidence, including the testimony of Dr. Mundy and Dr. Crossley, plaintiff has not suffered hearing loss from noise exposure.

These findings make clear that plaintiff has failed to establish a causal link between her hearing loss and the alleged workplace exposure. Accordingly, the Full Commission's conclusion that she had not suffered from occupational loss of hearing within the meaning of section 97-53(28) was proper. Therefore, this argument is without merit.

[2] Plaintiff next argues that the Full Commission's findings of fact and conclusions of law are not supported by competent evidence. We disagree.

Specifically, plaintiff challenges findings of fact numbers 7, 10, 11, 12, 13, 14, 16, 17, and 18. She contends they are incomplete, incorrectly stated, irrelevant, or otherwise not supported. "[I]t has long been settled that in a Work[ers'] Compensation case the findings of fact by the Industrial Commission . . . are conclusive on appeal when supported by competent evidence, even though there is evidence that would have supported findings to the contrary." *Hollman v. City of Raleigh*, 273 N.C. 240, 245, 159 S.E.2d 874, 877 (1968).

Moreover, "the Industrial Commission is not required to make specific findings of fact on every issue raised by the evidence[;] it is required to make findings only on crucial facts upon which the right

to compensation depends." *Watts v. Borg Warner Auto., Inc.*, 171 N.C. App. 1, 5, 613 S.E.2d 715, 719, *aff'd*, 360 N.C. 169, 622 S.E.2d 492 (2005) (per curiam) (citing *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977)). As noted *supra*, because plaintiff failed to establish causation, the burden of proof as to sound levels in her workplace did not shift to defendant. Therefore, to the extent that the challenged findings of fact do not address sound levels, such findings were not required. Further, the Full Commission is the sole judge of the credibility of the witnesses and the evidentiary weight to be given to their testimony. *Young*, 353 N.C. at 230, 538 S.E.2d at 914.

Having carefully reviewed the entire record in this case, we hold that the challenged findings of fact are supported by competent evidence. Therefore, this argument is overruled.

[3] In her final argument, plaintiff contends the Full Commission erred in making only partial findings of fact and ignoring many of the deputy commissioner's findings of fact. We disagree.

A deputy commissioner's opinion and award may be appealed to the Full Commission pursuant to North Carolina General Statutes, section 97-85, which states in pertinent part: "If [timely notice is given], the full Commission shall review the award, and . . . reconsider the evidence[.]" N.C. Gen. Stat. § 97-85 (2005). Although this Court is limited on appeal to determining whether the findings of fact are supported by competent evidence and whether those findings of fact in turn support the conclusions of law, the opinion and award of the deputy commissioner is fully reviewable upon appeal to the Full Commission. *Hobgood v. Anchor Motor Freight*, 68 N.C. App. 783, 785, 316 S.E.2d 86, 87 (1984). The Full Commission may weigh the same evidence that was presented to the deputy commissioner and decide for itself the weight and credibility of that evidence. *See id.* The Full Commission may even strike entirely the deputy commissioner's findings of fact even if no exception was taken to them. *Keel v. H & V, Inc.*, 107 N.C. App. 536, 542, 421 S.E.2d 362, 367 (1992).

Because the Full Commission was not bound by the deputy commissioner's findings of fact, this argument is without merit.

[4] Defendant separately appeals the Full Commission's denial of costs and attorney fees, arguing the Full Commission erred in not finding that plaintiff had prosecuted her claim without reasonable ground and abused its discretion. We disagree.

We note that plaintiff contends this Court is without jurisdiction to hear defendant's appeal because the notice of appeal was not timely filed pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure. Rule 3 governs how and when appeals are taken in civil cases. This is not a civil case; this is a direct appeal from an administrative agency. As such, it is governed by Rule 18 which states: "The times and methods for taking appeals from an agency shall be as provided in this Rule 18 unless the statutes governing the agency provide otherwise, in which case those statutes shall control." N.C. R. App. P. 18(b)(1) (2007). Chapter 97 of the North Carolina General Statutes governs the Workers' Compensation Act. North Carolina General Statutes, section 97-86 provides for the timing of appealing a decision of the Full Commission. Therefore, the timeliness of defendant's appeal is governed by section 97-86, not Appellate Rule 3. *See Winslow v. Carolina Conference Ass'n of Seventh Day Adventists*, 211 N.C. 571, 580, 191 S.E. 403, 408 (1937).

Section 97-86 states that the procedure for appealing from the Full Commission "shall be as provided by the rules of appellate procedure." N.C. Gen. Stat. § 97-86 (2005). The Opinion and Award at issue was filed 30 January 2007. "Defendant could, within thirty days from the date of the award, but not thereafter, appeal from the decision of the Commission to the Court of Appeals." *Fisher v. E. I. Du Pont de Nemours*, 54 N.C. App. 176, 177, 282 S.E.2d 543, 543 (1981) (citing N.C. Gen. Stat. § 97-86; N.C. R. App. P. Rule 18(b)). The thirty days expired on 1 March 2007. Defendant's notice of appeal is dated 5 March 2007. The notice of appeal was filed after the expiration of the thirty-day period. Although "[t]he statute . . . allows notice of appeal to be made within thirty days after receipt of notice by registered or certified mail of the award[, t]he record on appeal . . . is devoid of anything indicating that notice of the award was so mailed. We are bound by the record before us." *Fisher*, 54 N.C. App. at 177 n. 1, 282 S.E.2d at 543. Because defendant's notice of appeal was not timely filed, this Court did not obtain jurisdiction, therefore, defendant's assignment of error must be dismissed. *See, e.g., Oliver v. Williams*, 266 N.C. 601, 605, 146 S.E.2d 648, 651 (1966); *Higdon v. Light Co.*, 207 N.C. 39, 40-41, 175 S.E. 710, 711 (1934); *Brooks v. Matthews*, 29 N.C. App. 614, 615, 225 S.E.2d 159, 159 (1976).

For the foregoing reasons, we affirm the Full Commission's denial of plaintiff's workers' compensation claim.

Affirmed in part and dismissed in part.

Judges TYSON and STROUD concur.