McCULLOUGH, Judge.
Edward Battle, Jr. ("employee") appeals from an opinion and award of the North Carolina Industrial Commission (the "Commission") denying his claim for workers' compensation on the basis that he did not sustain an injury by accident. For the following reasons, we affirm.
I. Background
The evidence in this case tends to show that employee has been employed by Meadowbrook Meat Company, Inc., ("employer") as a driver's representative since 6 May 2006. As a driver's representative, employee drove a truck and delivered food products to various restaurants. Although employee was not responsible for loading the truck, employee was responsible for unloading the truck and moving the products into their proper places at each restaurant (e.g., freezer section, refrigerator section, dry section). Some of the products delivered weighed as much as 101 pounds.
On 19 January 2013, employee and co-worker Glen Cooper, who was assisting employee unload the truck at each stop because it was employee's first day back to work following surgery on employee's right knee, were at the third stop on employee's route delivering products to Golden Corral in Sanford when employee injured his right arm. Employee and Cooper had already unloaded the freezer and dry products for Golden Corral and were attempting to unload the refrigerated products when employee was injured. Golden Corral's refrigerated products were on a pallet with products for a subsequent stop and the pallet was stuck on debris underneath it. As a result, instead of pulling the entire pallet off the truck and unloading Golden Corral's products, employee and Cooper began to move Golden Corral's products from the stuck pallet onto an empty pallet. During that process, employee laid on his stomach on top of the pallet in order to reach four boxes of liquid ice cream that were stacked on the backside of the pallet down to the floor. Employee removed the first two boxes of the liquid ice cream without incident and passed them off to Cooper; but when employee reached down the backside of the pallet to pull up the third box, employee felt something pull loose from his arm. Despite his injury, employee was able to remove the third and fourth boxes of liquid ice cream from the backside of the pallet. Employee then completed the rest of his deliveries that day.
Employee notified his supervisors of his injury later than night and first thing the next morning. Employee then sought medical attention, which resulted in employee having surgery on his right shoulder on 21 February 2013.
Employee initiated the present worker's compensation action by completing a Form 18 notice of accident and claim on 22 January 2013 and filing it with the Commission on 25 January 2013. The Form 18 indicated employee "hurt [his] right shoulder" while "[he] was lifting a box out of a hole." Also on 22 January 2013, employer completed a Form 19 report of the injury. Employer then completed a Form 61 denial of employee's claim on 1 February 2013, contending employee's claim was not compensable because "employee did not sustain an injury by accident arising out of and in the course and scope of his/her employment...." Upon employer's denial of his claim, employee completed a Form 33 request that his claim be assigned for hearing on 6 February 2013, which was later received by the Commission on 11 February 2013. In employer's Form 33R response filed with the Commission on 8 May 2013, employer again denied the compensability of employee's claim.
On 25 July 2013, the matter came on for hearing before Deputy Commissioner Bradley W. Houser in Raleigh. Pursuant to a pre-trial agreement entered into by the parties on the day of the hearing, one of the contested issues for determination by the Deputy Commissioner was whether employee suffered an injury by accident on 19 January 2013. Following the hearing, on 29 July 2013, the Deputy Commissioner entered an order indicating "it was determined that [the] matter would be bifurcated with the initial determination being whether [employee] sustained an injury by accident." The order further required the parties to submit contentions and proposed opinion and awards by 16 September 2013. On 8 October 2013, the Deputy Commissioner filed an opinion and award. In the opinion and award, the Deputy Commissioner denied employee's claim on the basis that, "on 19 January 2013, [employee] did not sustain an injury by accident arising out of or in the course of his employment with defendant-employer." Employee then sought review of the Deputy Commissioner's opinion and award by the Full Commission.
The Full Commission reviewed the matter on 5 March 2014 and, on 9 June 2014, filed an opinion and award affirming the Deputy Commissioner's opinion and award with minor modifications. Specifically, the Full Commission denied employee's claim concluding as follows:
[O]n 19 January 2013 there was no introduction of unusual conditions likely to result in unexpected consequences into [employee's] duties, or the manner in which his duties were being performed. Accordingly, on 19 January 2013, [employee] did not sustain an injury by accident arising out of or in the course of his employment with defendant-employer. (Citations omitted.)
Employee appealed the Full Commissions' opinion and award to this Court.
II. Discussion
At the outset, we note employee's brief does not comply with the format provided in N.C.R.App. P. 26(g)(1) for documents presented to this Court and we take this opportunity to bring the matter to appellate counsel's attention. Nevertheless, we reach the merits of employee's appeal.
This Court's review of an opinion and award of the Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " Richardson v. Maxim Healthcare/Allegis Grp.,362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted) (quoting Anderson v. Lincoln Constr. Co .,265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965) ). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." Anderson,265 N.C. at 433-34, 144 S.E.2d at 274. "Findings of fact that are not challenged on appeal are binding on this Court." Strezinski v. City of Greensboro,187 N.C.App. 703, 706, 654 S.E.2d 263, 265 (2007) ; see also Medlin v. Weaver Cooke Const., LLC,367 N.C. 414, 423, 760 S.E.2d 732, 738 (2014). "The Commission's conclusions of law, however, are reviewed de novo." Bailey v. Western Staff Servs., 151 N.C.App. 356, 359, 566 S.E.2d 509, 511 (2002).
The determinative inquiry in this case that was addressed by the Commission is whether employee suffered an injury by accident. "Under the [W]orkers' [C]ompensation [A]ct, an injury arising out of and in the course of employment is compensable only if it is caused by an accident. Davis v. Raleigh Rental Center,58 N.C.App. 113, 116, 292 S.E.2d 763, 765 (1982) ; see alsoN.C. Gen.Stat. § 97-2(6) (2013) (" 'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment [.]"). As this Court has explained,
Our Supreme Court has defined the term accident as used in the Workers' Compensation Act as an unlooked for and untoward event which is not expected or designed by the person who suffers the injury[;][t]he elements of an 'accident' are the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences. However, once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine or otherwise an injury by accident under the Workers' Compensation Act.
Shay v. Rowan Salisbury Schools,205 N.C.App. 620, 624, 696 S.E.2d 763, 766 (2010) (quotation marks and citations omitted).
Employee now argues the Commission erred in finding and concluding he did not suffer an injury by accident arising out of or in the course of his employment.
The only finding employee challenges in furtherance of his argument is the Full Commission's finding of fact number twenty-five. Employee contends "[t]he Full Commission found at finding number [twenty-five] that what [he] was doing [on 19 January 2013] as he hurt his shoulder was part of his regular job." Employee then asserts this finding is error because he was on restricted duty when he was injured on 19 January 2013, having just returned to work following knee surgery. Employee further asserts that even if he had not been on restricted duty, evidence was presented of unexpected conditions that resulted in unexpected consequences, such that his injury was by accident.
Upon review, we first note that in presenting his argument, employee has cited to the Deputy Commissioner's opinion and award. This Court, however, is limited to reviewing the opinion and award of the Full Commission, which considers the matters anew upon appeal from the Deputy Commissioner's opinion and award. Because the Full Commission's finding of fact number twenty-five tracks the Deputy Commissioner's finding of fact number twenty-five, we address employee's argument with regard to the Full Commission's finding.
In finding of fact number twenty-five, the Full Commission found as follows:
25. [Employee] testified that maneuvering and leaning over a pallet to reach boxes of product were part of his regular job duties. [Employee] also testified that he had previously leaned across a pallet to reach product that was stacked in the trailer. A review of the record shows that competent evidence supports this finding. Specifically, employee testified that it is fairly common to have products for multiple stops on a single pallet. Employee testified that when this happens, he is sometimes able to pull the pallet off the truck, remove the products for the current stop, and push the remainder of the pallet back on the truck for the next stop. Other times, however, sticks or broken pieces of pallets prevent him from moving a pallet and he is required to break-down the pallet, moving products from one pallet to an empty pallet. Employee indicated he was sometimes required to do this in tight, confined spaces and he agreed that "part of [his] regular job duties include sort of maneuvering and leaning over a pallet to ... obtain [product] and down stack it and make the delivery." Employee also agreed there were occasions prior to 19 January 2013 that he was required to "sort of lean over a pallet to get the product[.]"
The fact that employee had someone with him to help unload the product on 19 January 2013 does not upset the Full Commission's finding of fact number twenty-five. Competent evidence supports the finding. Furthermore, because employee does not challenge any of the Full Commission's other findings, the findings are binding on appeal. See Strezinski,187 N.C.App. at 706, 654 S.E.2d at 265 ; Medlin,367 N.C. at 423, 760 S.E.2d at 738.
Turning to the Commission's ultimate conclusion that employee did not suffer a compensable injury, we hold the Commission's findings support its conclusion. Specifically, the Commission concluded as follows:
4. Based upon the preponderance of the evidence in view of the entire record, the undersigned concludes that on 19 January 2013 there was no introduction of unusual conditions likely to result in unexpected consequences into [employee's] duties, or the manner in which his duties were being performed. Accordingly, on 19 January 2013, [employee] did not sustain an injury by accident arising out of or in the course of his employment with defendant-employer. (Citations omitted.)
In addition to finding of fact number twenty-five, unchallenged findings two, three, four, five, six, fifteen, sixteen, seventeen, and twenty-seven support the Commission's conclusion that "there was no introduction of unusual conditions likely to result in unexpected consequences into [employee's] duties, or the manner in which his duties were being performed." These findings tend to show it is common for driver's representatives to have to lean over pallets and maneuver on top of pallets in order to complete deliveries when the pallets cannot be moved.
Employee also contends the Commission ignored evidence that he was on restricted duty on 19 January 2013 following his return to work from knee surgery. Yet, the Full Commission found as follows in finding of fact number seven:
7. [Employee] usually worked alone. On 19 January 2013, however, he was assisted by his friend Glenn Cooper, who was also a temporary helper, because it was [employee's] first day back to work after recovering from a non-work related right knee injury.
It is evident from this finding number seven that the Commission considered employee's work restrictions.
As the Commission noted in finding of fact number twenty-six, it assigned less weight to employee's testimony as opposed to the testimony of other witnesses. It is not this Court's role to reweigh the evidence. See Bishop v. Ingles Markets, Inc.,--- N.C.App. ----, ----, 756 S.E.2d 115, 118 (2014). Where competent evidence supports the Commission's findings and the findings support the Commission's conclusions, we affirm the opinion and award of the Commission.
As a separate issue on appeal, employee also argues that the Commission erred in determining he was not entitled to compensation for loss of wage earning capacity. Yet, having upheld the Commission's determination that employee did not suffer an injury by accident arising out of or in the course of his employment, employee's injury is not compensable and employee is not entitled to relief.
III. Conclusion
For the reasons discussed, we hold the evidence supports the Commission's findings, which in turn support its conclusions. Thus, we affirm the opinion and award of the Full Commission.
AFFIRMED.
Judges CALABRIA and DIETZ concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from an opinion and award of the North Carolina Industrial Commission entered 9 June 2014. Heard in the Court of Appels 17 February 2015.