DONALD PERNELL, EMPLOYEE-PLAINTIFF v. PIEDMONT CIRCUITS AND CRAWFORD & CO., EMPLOYER-CARRIER/DEFENDANTS

No. 9010IC1316

(Filed 15 October 1991)

1. **Master and Servant § 65.1 (NCI3d) — workers' compensation — recurrent hernia**

    The Industrial Commission correctly found for defendants in a workers' compensation action in which plaintiff sought compensation for a hernia. The finding that it could not be determined whether plaintiff's hernia developed before or after the accident is binding on appeal because plaintiff did not except to this finding; moreover, the frequency of this recurrent problem, its proximity to the last diagnosed hernia, and evidence that plaintiff's other medical conditions may have been equally culpable constitutes sufficient evidence to support the Commission's finding.

    **Am Jur 2d, Workmen's Compensation §§ 229, 300.**

PERNELL v. PIEDMONT CIRCUITS

[104 N.C. App. 289 (1991)]

Sufficiency of proof that hernia resulted from accident or incident in suit rather than from pre-existing condition. 2 ALR3d 434.

2. **Master and Servant § 65.1 (NCI3d) — workers' compensation — definition of hernia**

Plaintiff's contention in a workers' compensation action that the Industrial Commission relied on an inappropriate definition of hernia had no merit. Although the findings do not indicate a precise definition of hernia and the Court of Appeals declined to define the term, defendants' definition of hernia as a defect or weakening of an organ wall which allows protrusion of another organ is more plausible and comports with *Moore v. Engineering & Sales Co.*, 214 N.C. 424. The Court also declined to pronounce as a matter of law that a recurring hernia is never of "recent origin."

Am Jur 2d, Workmen's Compensation § 300.

3. **Master and Servant § 65.1 (NCI3d) — workers' compensation — hernia — recurrent**

The Industrial Commission did not err in a workers' compensation action by finding that plaintiff had a recurrent hernia and that he had a hernia prior to the accident in question where the Commission found that plaintiff had had five hernia repairs at the same site in nine years and his medical records refer to his hernia as recurrent.

Am Jur 2d, Workmen's Compensation §§ 229, 300.

Sufficiency of proof that hernia resulted from accident or incident in suit rather than from pre-existing condition. 2 ALR3d 434.

4. **Master and Servant § 93 (NCI3d) — workers' compensation — review of Deputy Commissioner's decision — standard of review**

The decision of the Industrial Commission in a workers' compensation action was affirmed despite plaintiff's contention that the Commission applied a lower standard of review to the Deputy Commissioner's decision than required. The Commission's use of the words "reversible error" refer to the Commission's decision to adopt the deputy's decision, not to indicate that a lower standard of review was utilized.

Am Jur 2d, Workmen's Compensation §§ 630, 631.

PERNELL v. PIEDMONT CIRCUITS

[104 N.C. App. 289 (1991)]

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and Award filed 31 August 1990. Heard in the Court of Appeals 17 September 1991.

On 28 December 1989 the Deputy Commissioner filed an Opinion and Award in favor of defendant. Upon plaintiff's appeal, the Full Commission affirmed. Plaintiff appeals.

*McCreary & Read, by Daniel F. Read, for plaintiff-appellant.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by E. Elizabeth Lefler and George W. Miller, Jr., for defendant-appellees.*

LEWIS, Judge.

Plaintiff-employee was a 46 year old man who had experienced recurrent incisional hernias prior to and during his employment with defendant Piedmont Circuits. The initial hernia was diagnosed and repaired in 1978. This initial hernia site required five subsequent surgical repairs between 1978 and 1987. Plaintiff-employee's previous hernia was diagnosed in October 1987.

On 5 April 1988, plaintiff-employee fell while performing a job related task. Plaintiff-employee felt his hernia site "bust loose" immediately after his fall. Two days later, he felt a "bulge in his stomach." Eight days after the fall, plaintiff-employee went to see a physician who diagnosed a hernia at the same site as plaintiff's five previous hernias. Plaintiff attributes this hernia to his work related fall and, as such, he seeks compensation from the defendants. The Commission's findings of fact indicate that it cannot be determined whether the hernia resulted from his fall on 5 April 1988.

On 28 December 1989, the Deputy Commissioner filed an opinion denying plaintiff-employee's claim. Plaintiff appealed to the Full Commission which affirmed the Deputy Commissioner in an order filed 31 August 1990.

[1] Plaintiff-employee brings forth several assignments of error. First, plaintiff claims that the Industrial Commission erred in finding that plaintiff had a recurrent incisional hernia prior to his work related fall. Plaintiff alleges that the Commission inappropriately defined the term hernia under the North Carolina Workers' Compensation Act N.C.G.S. § 97-2(18) (cum. supp. 1990) which definition was then applied to plaintiff's detriment. Plaintiff contends that the Commission committed reversible error by applying a

**PERNELL v. PIEDMONT CIRCUITS**

[104 N.C. App. 289 (1991)]

lower standard of review to the Deputy Commissioner's decision than required.

This Court's review of an Industrial Commission decision is limited to determining whether there is competent evidence to support the Commission's findings and whether the findings of fact support its conclusions of law. *Inscoe v. DeRose Indus. Inc.*, 292 N.C. 210, 232 S.E.2d 449 (1977). Once determined, these facts are conclusive and will not be set aside unless there is a "complete lack of competent evidence to support them." *Mayo v. City of Washington*, 51 N.C. App. 402, 406, 276 S.E.2d 747, 750 (1981) (*quoting Anderson v. Constr. Co.*, 265 N.C. 431, 144 S.E.2d 272 (1965)).

To establish a prima facie case for compensation under the Workers' Compensation Act (Act), plaintiff must prove: 1) an injury resulting in hernia or rupture, 2) which appeared suddenly, 3) immediately following a work related accident, and 4) did not exist prior to the accident. N.C.G.S. § 97-2(18) (cum. supp. 1990). Plaintiff must definitively prove each element to the "satisfaction of the Commission." *Id.* The Commission dismissed plaintiff-employee's claim because he failed to carry his burden as to the fourth element of the prima facie case. The Commission found that it could not be determined whether or not plaintiff's hernia developed before or after the accident. Plaintiff did not except to this finding; therefore, it is binding on appeal. *Long v. Morganton Dyeing & Finishing Co.*, 321 N.C. 82, 361 S.E.2d 575 (1987).

The Commission's finding that it cannot be determined whether or not plaintiff's hernia occurred prior to the accident is also a conclusive fact because it is supported by competent evidence. Though there was evidence indicating that prior hernias had been repaired, the frequency of this recurrent problem, its proximity to the last diagnosed hernia, and evidence that plaintiff's other medical conditions may have been equally culpable constitutes sufficient evidence to support the Commission's finding that the hernia existed before the plaintiff's work related accident. This Court agrees that plaintiff failed to carry his burden as to the fourth statutory requirement; therefore, the Commission's finding for the defendants is affirmed.

[2] Plaintiff alleges that the Commission applied an incorrect definition of "hernia." As a question of law, this Court may review the definition applied. The medical condition known as "hernia" is not specifically defined in either the Act or in the case law.

PERNELL v. PIEDMONT CIRCUITS

[104 N.C. App. 289 (1991)]

This Court declines to define the term hernia, but, the legislature's use of the term hernia in conjunction with the word rupture in the statute, "hernia or rupture," seems to indicate that something less than full extension through the organ wall is contemplated. N.C.G.S. § 97-2(18) (cum. supp. 1990). In *Moore v. Engineering & Sales Co.*, 214 N.C. 424, 199 S.E. 605 (1938), the Court indicated that a hernia begins with the abdominal wall weakening and ends with protrusion.

The Commission's findings do not indicate a precise definition of hernia. Plaintiff insists that the definition of hernia is limited to a protrusion of an organ or tissue through an abnormal opening. Plaintiff's definition would make the statute redundant where it states "hernia and rupture." Protrusion logically follows once a hole is created by rupture. Defendants' definition of hernia as a defect in or a weakening of an organ wall which allows protrusion of another organ is more plausible and comports with *Moore*. As both parties' definitions are cognizable under the statute, plaintiff's contention that the Commission relied upon an inappropriate definition of a hernia has no merit.

The defendants urge us to pronounce as a matter of law that a recurring hernia is never of "recent origin." This would prevent plaintiffs with prior hernias from ever meeting their burden as to the fourth statutory element. Because this would unduly extend the statute, we decline to do so.

[3] Plaintiff alleges that the Commission erred in finding that he had a recurrent hernia and that he had a hernia prior to the accident in question. As a question of fact, this Court's review is limited to determining whether there is any competent evidence to support the finding. Here, there is just such competent evidence. According to the Industrial Commission's findings, plaintiff has had five hernia repairs at the same site in nine years. Hence, plaintiff's contention that he does not have a "recurrent" hernia flies in the face of the popular definition of "recurrent." Plaintiff's medical records also refer to his hernia as "recurrent." The frequency of hernia recurrence creates a firm basis to infer that the hernia existed prior to the accident. As the Commission is the sole judge of the weight of the evidence, *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 144 S.E.2d 272 (1965), this Court accepts the Commission's decision on the question of whether plaintiff's hernia predated the accident. Because plaintiff was unable to definitively prove

to the satisfaction of the Commission that the hernia did not exist prior to the accident, plaintiff has not carried his burden and dismissal of his claim is appropriate.

[4]     Last, plaintiff alleges that the Commission committed reversible error by applying a lower standard of review to the Deputy Commissioner's decision than required. Upon appeal, the Full Commission is required to "review the award." N.C.G.S. § 97-85 (1985). Neither the plaintiff nor the statute states the standard of review. Plaintiff alleges that the Commission's use of the words "reversible error" indicates that the Commission used a lower standard of review even though the Commission's plenary powers would permit the application of a higher standard which encompasses the power to "adopt, modify, or reject" the deputy's findings. *Hobgood v. Anchor Motor Freight*, 68 N.C. App. 783, 785, 316 S.E.2d 86, 87 (1984). Plaintiff argues that the Commission did not use its full powers. We disagree. It appears that the Full Commission reviewed all of the evidence as its opinion indicates that the deputy's decision is "supported by strong implication of the evidence. . . ." Without a review of all of the evidence, this statement could not have been made. Hence, the Commission's use of the words "reversible error" refers to the Commission's decision to adopt the deputy's decision, not to indicate that a lower standard of review was utilized. The Commission's decision is affirmed.

Affirmed.

Judges COZORT and ORR concur.