Upon review of the competent evidence of record with respect to the errors assigned, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. An employee-employer relationship existed at the time of the alleged incident.
2. The date of the alleged injury was on or about 15 June 1994.
3. The parties were subject to the North Carolina Workers' Compensation Act at the time of the alleged incident, with defendant-employer employing the requisite number of employees to be bound under the provisions of the Act.
4. On 2 June 1995, employee underwent a right inguinal hernia repair performed by Dr. Steven Jurisich at Central Carolina Hospital.
5. Employee was out of work because of this hernia operation from 2 June 1995 through 10 July 1995.
6. Employee's compensation rate was $253.35 during this time period.
7. The parties agreed to stipulate, without further verification or authentication, into evidence the following:
 — Plaintiff's Exhibit 1; Medical Records consisting of Records from Central Carolina Hospital, pages 1 through 2;
 Records from Dr. Steven Jurisich, pages 3 through 10;
 Records from Dr. William E. Hall, pages 11 through 18;
 — Plaintiff's Exhibit 2, Plaintiff's Medical Bills consisting of 5 pages;
 — Plaintiff's Exhibit 3, Industrial Commission Form 19, dated 23 May 1995; and
 — Defendant's Exhibit 1, Plaintiff's Recorded Statement, taken 1 June 1995.
8. It was agreed between the parties that this matter involved plaintiff's claim for a hernia and did not involve a claim for the skin tag treated concurrently with the hernia.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff at the time of the hearing was 43 years old. On 15 June 1994, plaintiff was in his second year of employment as a crew chief for defendant-employer Bracken Associates, an engineering and surveying firm. Plaintiff's job involved manual labor.
2. On 15 June 1994, plaintiff was working with co-worker Brent Jones in Harnett County, North Carolina setting up panel points for an aerial survey. As plaintiff was driving down a road in the woods, he discovered a fallen tree blocking the road. Plaintiff stopped the truck and told Mr. Jones to stay in the truck and that he would move the tree. Plaintiff attempted to lift and push the tree, but his foot slipped in pine straw or leaves on the ground, and he felt a sharp pain in his groin area. This pain felt like a pulled muscle, but plaintiff had never experienced pain before in that area. When he felt the pain, plaintiff immediately dropped the tree. This lifting incident on 15 June 1994 occurred in the mid to late afternoon. Plaintiff returned to the truck, and he and Mr. Jones took a different route. After returning to the truck, plaintiff continued to feel pain in his side, and told Mr. Jones he had injured himself attempting to lift the tree. Mr. Jones observed plaintiff grimace when he attempted to lift the tree. At the end of the day plaintiff returned to the office and told Mark Lyczkowski, plaintiff's supervisor and a vice-president of defendant-employer, that he had injured himself while attempting to lift the tree.
3. On the following day, plaintiff continued to feel pain but it did not seriously affect his ability to work. After 15 June 1994, plaintiff had pain in the groin area for a while but it eventually eased off. He continued to work. Plaintiff primarily had pain for approximately two weeks following 15 June 1994, and then it began to diminish and was not present daily. Plaintiff continued to experience pain over several months and occasionally complained to Mr. Lyczkowski.
4. In December 1994, plaintiff first noticed a lump or bulge in the groin area. When the bulge first developed, it did not cause plaintiff any significant pain. The bulge progressively grew larger over the ensuing months.
5. On 18 May 1995, plaintiff was again working with Brent Jones. They were mapping the landscape with a tripod when plaintiff felt an acute onset of pain and nausea. Plaintiff had trouble continuing with his work. He and Mr. Jones finally had to stop work and return to the office. Plaintiff worked one-half day on 18 May 1995, for which he was not paid. At the time of the onset of pain on 18 May 1995, plaintiff was not engaged in lifting, pulling or pushing, but was merely standing.
6. On the afternoon of 18 May 1995, plaintiff presented to Dr. William Hall, a family practitioner, complaining of a right-sided hernia, manifested by a bulge in his right groin area that had progressively grown larger. Dr. Hall diagnosed plaintiff with a large right-sided inguinal hernia and referred plaintiff to Dr. Steven Jurisich that same day for treatment.
7. Later on 18 May 1995, plaintiff presented to Dr. Steven Jurisich, a general surgeon, with a large right-sided inguinal hernia. Plaintiff gave a history of the tree lifting and slipping incident on 15 June 1994. On 2 June 1995, plaintiff underwent a right-sided inguinal hernia repair operation conducted by Dr. Jurisich at Central Carolina Hospital.
8. Plaintiff was out of work because of his hernia from 2 June 1995 through and including 10 June 1995. Plaintiff also was not paid for the day of 18 May 1995.
9. On 15 June 1994, plaintiff suffered an injury by accident arising out of and in the course of his employment with defendant-employer when he suffered a right-sided inguinal hernia as he was lifting and pushing a tree, slipped and experienced an immediate onset of groin pain caused by a sudden rupture in his abdominal fascia. His internal organs gradually protruded through this tear, creating a bulge in his groin area that became visible in December, 1994. The rupture appeared suddenly and did not exist before 15 June 1994.
10. Before 15 June 1994, plaintiff had no history of hernia or right-sided groin pain.
11. Plaintiff was out work on 18 May 1995 and again from 2 June 1995 through and including 10 July 1995 due to his right-sided inguinal hernia and the resulting pain, which was a direct and proximate result of his work-related injury by accident.
12. Plaintiff was unable to engage in physical activities required by his job with defendant-employer or in any other gainful physical activity as a direct and proximate result of his 15 June 1994 compensable injury. As a result of his compensable injury, plaintiff was incapable of earning wages with defendant-employer or any other employment on 18 May 1995 and from 2 June 1995 through and including 10 July 1995.
13. Plaintiff has not claimed any permanent disability as a result of his work-related, right-sided inguinal hernia.
 ***********
The foregoing stipulations and findings of fact engender the following additional:
 CONCLUSIONS OF LAW
1. In order for a hernia or rupture to be compensable, it must be proven that: (a) there was an injury resulting in a hernia or rupture; (b) the hernia or rupture appeared suddenly; (c) the hernia or rupture immediately followed a work-related accident; and, (d) the hernia or rupture did not exist prior to the accident. In using the phrase "hernia or rupture," the legislature did not intend to limit compensation to those accidents immediately resulting in a full extension through the organ wall; rather, the statute allows compensation for an immediate defect in or weakening of the organ wall which later results in a protrusion. N.C. Gen. Stat. § 97-2(18); Pernell v.Piedmont Circuits, 104 N.C. App. 289, 409 S.E.2d 618 (1991), disc.rev. denied, 330 N.C. 613, 412 S.E.2d 87 (1992).
2. On 15 June 1994, plaintiff sustained a rupture in his abdominal fascia as a direct result of an injury by accident which arose out of and in the course of his employment with defendant-employer and which further constituted a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(18).
3. On 18 May 1995, and from 2 June 1995 through and including 10 July 1995, plaintiff was incapable of earning the wages he was receiving at the time of his injury in the same or any other employment as a result of his work-related right-sided hernia or rupture and the resultant pain. N.C. Gen. Stat. § 97-29.
4. At the time of his injury by accident, plaintiff's average weekly wage yielded a compensation rate of $253.35.
5. Plaintiff is entitled to temporary total disability compensation benefits at the rate of $253.35 per week for 18 May 1995, and for the period from 2 June 1995 through and including 10 July 1995. N.C. Gen. Stat. § 97-29.
6. Plaintiff is entitled to have defendant-employer provide all medical treatment arising from his compensable injury to the extent that the treatment tends to effect a cure, give relief or lessen his disability. N.C. Gen. Stat. § 97-25.
7. Plaintiff sustained no permanent disability as a result of his compensable injury.
 ***********
Based on the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $253.35 per week for 18 May 1995, and for the period from 2 June 1995 through and including 10 July 1995. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee approved in Paragraph 2 below.
2. A reasonable attorney's fee in the amount of twenty (20) percent of the compensation due plaintiff under Paragraph 1 is approved for plaintiff's counsel and shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
3. To the extent that medical treatment is reasonably designed to effect a cure, give relief or lessen the period of disability, defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury, after the bills have been submitted and approved by the Industrial Commission pursuant to established procedure.
4. Defendants shall pay the costs. Furthermore, defendants shall pay a fee of $155.00 to William E. Hall, M.D., in connection with his deposition taken 23 October 1996, and a fee of $200.00 to Steven Jurisich, M.D., in connection with his deposition taken 23 October 1996. These fees are hereby approved.
 S/ _________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________________ LAURA K. MAVRETIC COMMISSIONER