ROGER D. McALLISTER, SR., Employee, Plaintiff v. WELLMAN, INC., Employer, SELF INSURED (SEDGWICK OF THE CAROLINAS, INC., Administrator), Defendant

No. COA03-310

(Filed 6 January 2004)

**Workers' Compensation— payment of medical treatment— *Hyler* benefits—res judicata**

The Industrial Commission did not err in a workers' compensation case by denying defendant employer's motion to dismiss and by concluding that res judicata did not bar plaintiff's claims for additional medical benefits under *Hyler v. GTE Products Co.*, 333 N.C. 258 (1993), because while res judicata might bar relitigation of compensation for other loss, *Hyler* allows plaintiff to recover for new or additional medical ex-

McALLISTER v. WELLMAN, INC.

[162 N.C. App. 146 (2004)]

penses even if there has been no material change in the employee's condition or in available medical treatments.

Appeal by defendant from opinion and award of the North Carolina Industrial Commission entered 19 November 2002 by Commissioner Laura Kranifeld Mavretic. Heard in the Court of Appeals 20 November 2003.

*Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner, for plaintiff-appellee.*

*Jane C. Jackson and W. Mark Peck, for defendant-appellant.*

TYSON, Judge.

Wellman, Inc. ("Wellman") appeals from the North Carolina Industrial Commission's (the "Commission") opinion and award, which concluded that Roger D. McAllister, Sr. ("plaintiff") was entitled to have Wellman pay for all his medical treatment arising from his injury under *Hyler v. GTE Products Co.*, 333 N.C. 258, 425 S.E.2d 698 (1993). We affirm.

## I. Background

Plaintiff worked as a spinning operator for Wellman. On 9 June 1991, defendant suffered an injury to his lower back. Wellman accepted liability to compensate plaintiff for this injury, which was approved by the Commission. Plaintiff filed a second claim alleging an injury resulting from a fainting incident at Wellman on 26 June 1991. The Commission filed an opinion and award, which stated "[Wellman] shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his injury by accident . . . ." Wellman did not appeal.

On 9 June 1999, the Commission denied benefits for plaintiff's claim for head and psychological injuries resulting from the accidents. The Commission's opinion and award stated, "plaintiff's claim for additional benefits based on the alleged disability arising from his initial back injury is barred by *res judicata* where the alleged disability was in existence at the time of the June 22, 1993 hearing before the Deputy Commissioner."

On 6 February 2001, plaintiff requested a hearing with the Commission to determine whether he was entitled to *Hyler* benefits for medical treatment for his back injury on 9 June 1991. Wellman

filed a motion to dismiss and contended that *res judicata* barred plaintiff's claim. The Commission denied Wellman's motion and awarded plaintiff compensation under *Hyler*.

## II. Issue

The sole issue on appeal is whether the Commission erred in denying Wellman's motion to dismiss and concluding that *res judicata* did not bar plaintiff's claims for additional medical benefits.

## III. *Res Judicata*

### A. Standard of Review

Our review is to determine whether the Commission's findings of fact are supported by competent evidence and whether those findings support the Commission's conclusions of law. *Pernell v. Piedmont Circuits*, 104 N.C. App. 289, 292, 409 S.E.2d 618, 619 (1991), *disc. rev. denied*, 330 N.C. 613, 412 S.E.2d 87 (1992). The Commission's conclusions of law, are reviewable *de novo*. *Grantham v. R. G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997), *disc. rev. denied*, 347 N.C. 671, 500 S.E.2d 86 (1998). The issue before us is a question of law. We must determine whether the Commission's findings support its conclusion that plaintiff's request for additional medical benefits under *Hyler* is not barred by *res judicata*.

> The doctrine of *res judicata* precludes relitigation of final orders of the Full Commission and orders of a deputy commissioner which have not been appealed to the Full Commission. The essential elements of res judicata are: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in the prior suit and the present suit; and (3) an identity of parties or their privies in both suits.

*Bryant v. Weyerhaeuser Co.*, 130 N.C. App. 135, 138, 502 S.E.2d 58, 61, *disc. rev. denied*, 349 N.C. 228, 515 S.E.2d 700 (1998) (citation omitted). Here, a final judgment was obtained between the identical parties. We must determine whether the cause of action litigated and resolved in the 1999 opinion and award involved the same cause of action before the Commission in 2001.

### B. *Hyler* Benefits

Our Supreme Court stated in *Hyler*, that "where . . . an injured employee's condition appeared stable but required monitoring to detect and prevent possible deterioration, medical expenses incurred

McALLISTER v. WELLMAN, INC.

[162 N.C. App. 146 (2004)]

in monitoring the employee's condition would give 'relief' of the type that would require his employer to pay those expenses." 333 N.C. at 261, 425 S.E.2d at 700. In *Hyler*, the Court distinguished compensation for financial loss from medical expenses stating that the "overall intent of the Workers' Compensation Act [is] to allow recovery by employees for work-related injuries." *Id.* at 268, 425 S.E.2d at 704. Our Supreme Court held that medical expenses arising after the original order were allowable, without limitation as to time, even though these future medical expenses involved the same cause of action and same parties. *Id.* at 267, 425 S.E.2d at 704.

We note that following *Hyler*, the General Assembly significantly amended our statutes:

> *Hyler* overruled a seventeen-year old court of appeals [sic] decision that interpreted section 97-47 of the North Carolina General Statutes to apply a two-year statute of limitations to claims for medical compensation resulting from traumatic injuries.
>
> . . . .
>
> Hyler and those similarly situated were entitled to request compensation for ongoing medical expenses more than two years after their last payments. Employers and insurers justifiably became concerned that this new interpretation of the law exposed them to significantly increased liability. Insurers responded by raising rates, ostensibly to establish reserves to cover this new liability.
>
> New section 97-25.1 at least partially reverses *Hyler* by reimposing a two-year statute of limitations on reopening claims for medical compensation.

John Richard Owen, *The North Carolina Workers' Compensation Act of 1994: A Step in the Direction of Restoring Balance,*73 N.C. L. Rev. 2502, 2506, 2509-2510 (1995). N.C. Gen. Stat. § 97-25.1 became effective upon ratification on 5 July 1994, and provides that the right to medical expenses terminates two years after the last payment to plaintiff, unless plaintiff applies for additional medical benefits within that period. 1993 N.C. Sess. Laws ch. 679, § 11.1.

In 2001, plaintiff requested *Hyler* benefits for medical treatment for his back injury, which occurred on 9 June 1991, prior to the ratification of N.C. Gen. Stat. § 97-25.1. Because of the date of the injury, *Hyler* applies here. *Hyler* benefits were not at issue during the 1999

hearing. The award section of the opinion and award does not mention medical expenses, but instead refers to and denies "additional benefits." Plaintiff's request filed with the Commission in 2001 involves the issue of "medical expenses" for an admittedly compensable injury. While *res judicata* might bar relitigation of compensation for other loss, *Hyler* allows plaintiff to recover for "new or additional medical expenses, even if there has been no material change in the employee's condition or in available medical treatments." *Hyler*, 333 N.C. at 267, 425 S.E.2d at 704. This assignment of error is overruled.

## IV. Conclusion

The Commission did not err in denying Wellman's motion to dismiss. *Res judicata* does not bar plaintiff from seeking medical expenses arising out of the compensable injury on 9 June 1991. The Commission's opinion and award is affirmed.

Affirmed.

Judges HUDSON and STEELMAN concur.