***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
 ***********
Based upon the evidence presented, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff initiated this claim on May 14, 1996, by filing a Form 33, Request for Hearing, in which she asserted a claim for an injury to her head and back arising on March 18, 1994. On this form, Plaintiff asserts that she was "fired while still suffering effects of injury, no vocational rehabilitation has been offered."
2. Defendant responded with a Form 33R, which asserted, in relevant part, that Plaintiff was not disabled due to a work related injury and that Plaintiff refused suitable employment provided by Defendant.
3. On September 18, 1998, the Full Commission found as fact that as of February 2, 1995, and continuing thereafter, Plaintiff unjustifiably refused to return to work as a result of her compensable injury. The Full Commission found that Plaintiff's unjustified refusal to return to work continued past January 4, 1996.
4. The Full Commission ultimately concluded that Plaintiff suffered no disability caused by her headache problems as a direct result of her compensable injury. The Full Commission remanded the case to a deputy commissioner solely for a determination of whether any periods of temporary total or temporary partial disability benefits were due and whether Plaintiff suffered any permanent partial disability to her back, neck, or shoulder.
5. The deputy commissioner issued an Opinion and Award on October 8, 1999, awarding Plaintiff ongoing temporary total disability benefits,. Defendant timely appealed to the Full Commission.
6. On August 10, 2000, the Full Commission entered an Opinion and Award reversing the Opinion and Award of the deputy commissioner. The Full Commission found no evidence that Plaintiff suffered any permanent partial disability as a result of her compensable falls, that Plaintiff was paid all compensation owed through January 22, 1995, and that Plaintiff suffered no periods of disability after February 2, 1995, as a result of injuries to her back, neck, or shoulder. The Full Commission also found that "Plaintiff's April 4, 1995 fall caused the need for additional medical treatment, but did not cause any incapacity to work beyond the few hours missed on the day of the fall." The Full Commission awarded Plaintiff additional temporary total disability benefits for the period January 23, 1995 through February 2, 1995, but found that Plaintiff was not entitled to any other benefits.
7. Plaintiff did not appeal the August 10, 2000 Opinion and Award of the Industrial Commission. Plaintiff was timely paid the benefits due her under that Opinion and Award. A Form 28B report was filed on September 28, 2000, and served on Plaintiff's counsel, closing Plaintiff's claim. Plaintiff made no request for additional benefits from Defendant thereafter. Similarly, as of August 10, 2002, two years after the Opinion and Award, Plaintiff filed no claim for any type of change of condition.
8. On November 18, 2003, Plaintiff, pro se, filed a Form 33, Request for Hearing, in Industrial Commission File Number 460796, seeking benefits "because the reason for termination of employment on October 6, 1995, personnel [sic] manager stated that I was unable to hold down a full time position," as a result of the May 18, 1994 injury. This Form 33 was not served on Defendant or Defendant's counsel. Plaintiff's claim was heard before Chief Deputy Commissioner Gheen on April 13, 2004. Plaintiff stated that she was seeking additional compensation for her injuries.
9. Plaintiff is seeking to re-litigate a claim which has already been determined by the Full Commission.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. All of the issues in Plaintiff's present Form 33, Request For Hearing, were fully resolved by the Full Commission in its Opinion and Award of August 10, 2000 which is final and binding as to all issues in Plaintiff's claim. The doctrine of res judicata precludes re-litigation of final orders of the Full Industrial Commission and orders of a Deputy Commissioner that have not been appealed to the Full Commission. The essential elements of res judicata are: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in the prior suit and the present suit; and (3) an identity of parties or their privies in both suits. McAllister v. Wellman, Inc., 162 N.C. App. 146,590 S.E.2d 311 (2004). The McAllister requirements have been met and Plaintiff's present Form 33, Request For Hearing, must be dismissed except for the issue of medical expenses, if any, pursuant to Hyler v.GTE Products Co., 333 N.C. 258, 425 S.E.2d 698 (1993), for Plaintiff's May 18, 1994 injuries.
2. Defendant is obligated to pay any reasonably required medical expenses for treatment for Plaintiff's compensable 1994 injuries for as long as such treatments tend to effect a cure, provide relief or lessen Plaintiff's disability.
3. Plaintiff has failed to timely assert any claim for change of condition and there is no evidence that she has suffered any change of condition. Plaintiff's Form 33 was not filed within two years of the last payment of benefits under the Opinion and Award of the Full Commission. N.C. Gen. Stat. § 97-47.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional indemnity compensation is dismissed with prejudice.
2. Based on Hyler v. GTE Products Co., 333 N.C. 258, 425 S.E.2d 698
(1993), Defendant shall pay all medical expenses incurred or to be incurred in the future for treatment of Plaintiff's compensable 1994 injuries. Plaintiff is responsible for submitting her medical bills to Defendant for payment. Plaintiff may seek assistance from the Industrial Commission's Ombudsmen's Office to assist her in submitting claims for medical treatment or medical reimbursement.
3. The parties shall bear equally the costs of the hearing.
This the ___ day of February 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER