***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Gillen with modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter. *Page 2 
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. An employment relationship existed between plaintiff and defendant-employer.
4. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
5. Sedgwick CMS is the third party administrator for defendant-employer American Drew (Now Ladd Furniture, Inc.).
6. Defendant-employer American Drew is self-insured.
7. Plaintiff's compensation rate is $309.08 per week subject to verification by a Form 22.
8. A Form 60 Employer's Admission of Employee's Right to Compensation was filed by defendant on July 9, 2004.
9. A Form 33 Request that Claim be Assigned for Hearing was filed by defendants dated January 18, 2007.
10. An Amended Form 33 Request that Claim be Assigned for Hearing was filed by defendants dated March 28, 2007.
11. Plaintiff was employed by American Drew as a furniture assembler from 1997 to 2006.
 ***********
The following were entered into evidence as:
 STIPULATED EXHIBITS a. The Pre-Trial Agreement, marked as stipulated exhibit 1. *Page 3 
 b. Industrial Commission Forms, Orders, and parties' motions related to this matter collectively paginated 1-34, marked as stipulated exhibit 2.
 c. Plaintiff's medical records related to this matter collectively paginated 1-82, marked as stipulated exhibit 3.
 ***********
The following items were entered into evidence during the hearing as:
 EXHIBITS a. A DVD depicting various work tasks as completed for defendant-employer.
 b. A letter from defendant-employer to plaintiff dated August 29, 2006.
 c. A handwritten log depicting plaintiff's work covering the period from September 7, 2006 through September 15, 2006.
 *********** ISSUE PRESENTED
To what benefits is plaintiff entitled under the Workers' Compensation Act, subsequent to September 15, 2006, as a result of his admittedly compensable hernia injury of May 28, 2004 and the resulting surgeries?
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff, who was 62 years old at the time of the hearing before the deputy commissioner, was employed performing manual labor in the furniture industry for defendant for *Page 4 
seven years. Plaintiff completed the ninth grade and did not receive any training or education thereafter. Plaintiff suffered a compensable hernia injury on May 28, 2004 while manipulating a large piece of furniture. Defendant admitted the compensability of plaintiff's May 28, 2004 hernia with a Form 60 dated July 9, 2004 and began temporary total disability compensation.
2. On May 28, 2004, plaintiff sustained a hernia that appeared suddenly as a result of and immediately following the May 28, 2004 lifting accident. This hernia did not exist prior to the May 28, 2004 lifting accident.
3. Dr. Baugham performed a hernia repair surgery on plaintiff on June 2, 2004. Plaintiff's pain did not subside subsequent to this procedure, and in fact worsened. In an attempt to alleviate plaintiff's pain, Dr. Baugham performed an additional procedure on July 13, 2005. Plaintiff's pain condition was worse after this surgery.
4. The surgeries performed by Dr. Baugham to treat plaintiff's admittedly compensable hernia involved manipulation of plaintiff's ilioinguinal nerve. Plaintiff suffered with complications from his hernia surgeries. These complications included intense pain.
5. Following a functional capacity exam, in August 2006 plaintiff was cleared to attempt to return to work by Dr. Hansen. Plaintiff went back to work on September 7, 2006. Plaintiff was placed in a sub-assembly "automatic nailing" position. Although this position allowed plaintiff to sit as needed, the job tasks required plaintiff to stand on a concrete floor and operate a foot pedal. Plaintiff worked until September 15, 2006, when his pain prohibited him from working a full day.
6. On September 15, 2006, Dr. Baugham removed plaintiff from work and has continued to restrict plaintiff from working. Defendant ceased paying disability benefits to plaintiff as of September 7, 2006 and has not restarted benefits. *Page 5 
7. Plaintiff's trial return to work was unsuccessful as of September 15, 2006, when Dr. Baugham removed plaintiff from work.
8. The greater weight of the medical evidence shows that plaintiff suffered continuing debilitating pain flowing from his admittedly compensable hernia injury and/or from post-surgical complications of plaintiff's hernia repair surgeries.
9. Dr. Baugham last evaluated plaintiff in September 2007, at which time he continued to restrict plaintiff from working. When asked during his deposition whether plaintiff was able to perform a job for defendant, Dr. Baugham testified that plaintiff's inability to stand for prolonged periods was an obstacle to his return to work for defendant, that plaintiff reported not being able to stand for longer than 15 minutes at a time, and that he had no reason to not believe that plaintiff could not stand for more than 15 minutes. Dr. Baugham also testified that it is known and reported in the medical literature that a small percentage of hernia patients develop post-surgical pain of undetermined etiology.
10. Although Dr. Hansen testified that plaintiff was capable of work, he also corroborated Dr. Baugham's testimony, confirming the known phenomenon documented in the medical literature that there is a small percentage of hernia patients who develop post-surgical debilitating pain of unknown etiology. Dr. Hansen further testified that he would defer to Dr. Baugham's opinion regarding plaintiff's ability to perform specific jobs for defendant.
11. Plaintiff's work experience and skills are that of a general laborer. Plaintiff did not graduate from high school, has had no formal skills or training, and has a work history of unskilled physical labor.
12. Plaintiff has not earned wages in any employment since his unsuccessful trial return to work ended on September 15, 2006. *Page 6 
13. Having considered the testimony of Dr. Baugham and Dr. Hansen, as well as their relative treatment histories with plaintiff, the undersigned give greater weight to the testimony and expert opinions of Dr. Baugham.
14. The greater weight of the evidence shows that as a result of plaintiff's admittedly compensable injury by accident on May 28, 2004, plaintiff suffers from debilitating pain, stemming either from the compensable injury itself, a post-surgical condition caused by the surgeries plaintiff underwent to repair the compensable hernia, or both. Plaintiff has undergone reasonable and necessary treatment for his compensable hernia injury. None of plaintiff's medical treatment was successful in alleviating his pain.
15. The credible medical and vocational evidence of record shows, as a result of plaintiff's May 28, 2004 compensable injury and/or the subsequent complications arising from the resultant surgeries, that plaintiff has been unable to earn any wages in any employment from September 16, 2005 and continuing.
16. Plaintiff's average weekly wage was $463.60, which yields a weekly workers' compensation rate of $309.08.
17. Given the facts of this case, Dr. Baugham is the best physician to direct plaintiff's medical care. Dr. Baugham's care is reasonably calculated to provide relief from plaintiff's compensable conditions.
18. Neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 7 
1. For a hernia claim to be compensable under the Workers' Compensation Act, a plaintiff must prove by the greater weight of the evidence that (1) there was an injury resulting in a hernia or rupture, (2) the hernia or rupture appeared suddenly, (3) the hernia or rupture immediately followed an accident, and (4) the hernia rupture did not exist prior to the accident. N.C. Gen. Stat. § 97-2(18); Pernell v.Piedmont Circuits, 104 N.C. App. 289, 292, 409 S.E.2d 618, 619 (1991).
2. In this case it has been proven by the greater weight of the evidence that on May 28, 2004 plaintiff sustained a hernia or rupture which appeared suddenly as a result of and immediately following the May 28, 2004 lifting accident, which hernia or rupture did not exist prior to the May 28, 2004 lifting accident. N.C. Gen. Stat. § 97-2(18);Pernell v. Piedmont Circuits, 104 N.C. App. 289, 292, 409 S.E.2d 618,619 (1991).
3. Regarding disability following plaintiff's compensable hernia surgery, N.C. Gen. Stat. § 97-2(18) reads, in pertinent part:
 All hernia or rupture, inguinal, femoral or otherwise, so proven to be the result of an injury by accident arising out of and in the course of employment, shall be treated in a surgical manner by a radical operation. . . . if it is shown . . . that the injured employee has disability resulting after the operation, compensation for such disability shall be paid in accordance with the provisions of this Article.
In this case the greater weight of the evidence shows that plaintiff suffered disability following the surgical operation that he underwent to treat his compensable hernia. Plaintiff is therefore entitled to be paid disability benefits in accordance with the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(18).
4. Given the credible medical and vocational evidence of record, and plaintiff's compensable hernia injury of May 28, 2004 and/or related post-surgical condition, plaintiff has *Page 8 
been temporarily totally disabled from September 16, 2006 and is entitled to temporary total disability compensation at a rate of $309.08 per week from that date and continuing until plaintiff returns to work or further order of the Commission. N.C. Gen. Stat. § 97-29. Russell v.Lowe's Product Distribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
5. Subject to the provisions of N.C. Gen. Stat. § 97-25.1, plaintiff is entitled to have defendant provide all medical treatment, incurred or to be incurred, necessitated by the compensable hernia injury of May 28, 2004 and the complications arising from the resultant surgery. N.C. Gen. Stat. §§ 97-25; 97-25.1.
6. The North Carolina Workers' Compensation Act gives the Industrial Commission the power to order such further medical treatments as may in the discretion of the Commission be necessary, with the cost to be borne by the defendants. Furthermore, the Industrial Commission may at any time order a change in treatment and designate other treatment suggested by the injured employee. N.C. Gen. Stat. § 97-25. Given the facts of this case, Dr. Baugham is the best physician to direct plaintiff's medical care at this time. N.C. Gen. Stat. § 97-25.
7. Plaintiff's average weekly wage was $463.60, which yields a weekly workers' compensation rate of $309.08. N.C. Gen. Stat. § 97-2(5).
8. Neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 9 
 AWARD
1. Given the credible medical and vocational evidence of record, and his compensable hernia injury of May 28, 2004 and related post-surgical condition, defendants shall pay plaintiff, subject to the attorney's fee approved below, temporary total disability compensation at a rate of $309.08 per week for the period from September 16, 2006 and continuing until plaintiff returns to work or further order of the Industrial Commission. Those payments that have accrued shall be paid in a lump sum, subject to the attorney's fee approved below.
2. Defendant shall pay all medical expenses incurred or to be incurred as a result of plaintiff's compensable hernia injury of May 28, 2004 and the complications arising from the resultant surgery, subject to the provisions of N.C. Gen. Stat. § 97-25.1.
3. A reasonable attorney fee of twenty-five percent (25%) of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent (25%) of any lump sum due plaintiff shall be deducted and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be paid directly to plaintiff's counsel.
4. Given the circumstances of this case, Dr. Baugham is the best physician to direct plaintiff's medical care. Accordingly, Dr. Baugham is hereby designated as plaintiff's authorized treating physician.
5. No attorney's fees under N.C. Gen. Stat. § 97-88.1 are appropriate to be awarded in this matter.
6. Defendants shall pay the costs.
This the 15th day of September, 2008. *Page 10 
 S/___________________
 BUCK LATTIMORE
 COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1