***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties and their representatives. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Stephenson.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. Plaintiff is Nicandro Sosa Parada. *Page 2 
2. The employer is Custom Maintenance Inc.
3. The carrier is Harbor Specialty Insurance Company.
4. Defendant-employer regularly employed three (3) or more employees and was bound by the North Carolina Workers' Compensation Act.
5. An employee and employer relationship existed between the parties on February 27, 2000.
6. Plaintiff's average weekly wage was $280.00, yielding a weekly compensation rate of $186.68.
7. Plaintiff sustained a compensable injury on February 27, 2000.
8. Plaintiff was paid temporary total disability benefits from March 28, 2000 until December 13, 2003 upon receipt of the Order allowing defendants' Form 24 Application to Terminate Benefits by Special Deputy Commissioner Chrystina F. Kesler dated December 3, 2003. This order made effective the date of termination as September 9, 2003.
9. On October 4, 2005, the Full Commission issued an Opinion and Award affirming the termination of benefits. This decision was appealed to the North Carolina Court of Appeals where it was affirmed by an unpublished opinion filed October 3, 2006. The North Carolina Supreme Court denied discretionary review on July 17, 2007.
10. The October 4, 2005 Opinion and Award by the Full Commission is admitted into evidence as Stipulated Exhibit #2.
11. The October 3, 2006 unpublished opinion by the North Carolina Court of Appeals is admitted into evidence is Stipulated Exhibit #3.
12. The November 17, 2006 order issued by the Clerk of the North Carolina Court of Appeals, John H. Connell, denying Plaintiff's Petition for Rehearing is admitted into evidence as *Page 3 
Stipulated Exhibit #4.
13. The July 17, 2007 order issued by the Clerk of the North Carolina Court of Appeals, John H. Connell, denying Plaintiff's Petition for Discretionary Review is admitted into evidence as Stipulated Exhibit #5.
14. A package of Industrial Commission forms and motions is admitted into evidence as Stipulated Exhibit #6.
15. Plaintiff's medicals relating to this claim are admitted into evidence as Stipulated Exhibit #7.
16. The issues for decision include the following:
 a. Whether the doctrine of res judicata bars plaintiff's current claim?
 b. If not, whether the credible medical evidence in this case establishes that plaintiff has suffered a change in condition as defined by the Workers' Compensation Act?
 c. If so, what, if any, benefits is plaintiff entitled?
 d. If so, whether defendants are entitled to direct medical treatment?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 27, 2000 plaintiff injured his back and hip as a result of a work related injury. Following the accident, plaintiff received conservative medical treatment and was paid indemnity benefits from March 28, 2000 until December 13, 2003. Defendant stopped payment of benefit pursuant to defendants' Form 24 Application to Terminate Benefits approved *Page 4 
by Special Deputy Commissioner Chrystina F. Kesler on December 3, 2003, allowing defendants to terminate compensation effective September 9, 2003.
2. On October 4, 2005, the Full Commission issued a Opinion and Award finding that while plaintiff sustained a compensable injury by accident arising out of and in the course and scope of his employment with defendant-employer, plaintiff's ankylosing spondylitis condition was not the direct and natural result of or casually related to the February 27, 2000 injury by accident. The Full Commission further opined that plaintiff was capable of returning to work and that defendants had identified positions which plaintiff would be capable of getting, but for his status as an undocumented worker. As such, Special Deputy Commissioner Kessler correctly terminated plaintiff's temporary total disability benefits as of September 9, 2003. The Full Commission further determined that as a result of the February 27, 2000 injury by accident, plaintiff was entitled to related medical expenses incurred in the treatment of the compensable injury, excluding expenses associated with treatment by Dr. Holmberg or any treatment for ankylosing spondylitis. The Full Commission further granted defendants a credit for overpayment for any temporary total disability benefits paid after September 9, 2003.
3. On October 3, 2006, the Court of Appeals issued an unpublished decision affirming the Full Commission's Opinion and Award.
4. On November 17, 2006, Clerk of the North Carolina Court of Appeals, John H. Connell, issued an Order indicating that the North Carolina Court of Appeals had denied plaintiff's Petition for Rehearing and certifying same to the Executive Secretary of the Industrial Commission.
5. On July 17, 2007, Clerk of North Carolina Court of Appeals, John H. Connell, issued an Order certifying to the Executive Secretary of the Industrial Commission that the North *Page 5 
Carolina Supreme Court had denied plaintiff's Petition for Discretionary Review.
6. On or about June 4, 2008, defendants issued a check to plaintiff and his attorney in the amount of $1,082.81 for the ratings to the cervical and lumbar spine assigned by his treating physician, less the credit awarded defendants for overpayment of indemnity benefits after September 9, 2003. The check was subsequently cashed.
7. On June 27, 2008, plaintiff filed a request for hearing alleging that defendant-employer would not provide further medical care, that plaintiff had become totally disabled, that a bulged disk in his neck had worsened, and that he was in need of surgery. On July 9, 2008, defendants' filed a Form 33R responding to plaintiff's request for hearing in which they contended that plaintiff's current condition was unrelated to the work injury and that he was not entitled to additional benefits.
8. After the work injury of February 27, 2000, plaintiff worked as a construction worker in Wilmington from 2005 until he went out of work at the end of 2008.
9. Dr. Toni Washington, a non-board certified anesthesiologist and pediatrician, treated plaintiff for the first time more than nine years after the work injury and has only evaluated him on a few occasions. Dr. Washington assessed plaintiff with severe ankylosing spondylitis. This is the same diagnosis the Full Commission found not to be compensable and was affirmed by the North Carolina Court of Appeals.
10. Dr. Washington concluded that plaintiff is currently unable to work as a result of his severe ankylosing spondylitis condition. Dr. Washington attributed plaintiff's worsening and progression of his condition of ankylosing spondylitis to his compensable injury since plaintiff relayed a history of increasing pain since the injury and Dr. Washington had understood that plaintiff had not been able to work at all since the compensable injury. However, plaintiff had *Page 6 
returned to work as a construction worker in 2005 and that he continued to work as a construction worker until the end of 2008.
11. Dr. Washington was unfamiliar with the substantial medical treatment plaintiff received immediately after the February 27, 2000 and for several years thereafter. Dr. Washington did not review any of the medical records of plaintiff's prior treatment for the work related injury or the initial diagnosis of ankylosing spondylitis.
12. Given that Dr. Washington did not have all the accurate facts and medical evidence, her testimony that plaintiff's compensable injury worsened his pre-existing ankylosing spondylitis is afforded little consideration.
13. The greater weight of the evidence in this case does not establish that plaintiff's current condition is related to the work injury of February 27, 2000. The greater weight of the evidence is that plaintiff's bulge in his neck is not related to his February 27, 2000 compensable injury.
14. The greater weight of the evidence shows that Plaintiff has not sustained any compensable change of condition under the North Carolina Worker's Compensation Act or that his current disability is related to the February 27, 2000 work injury.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The doctrine of res judicata precludes re-litigation of final orders of the Full Commission. The essential elements of res judicata are: (1) a final judgment on the merits in a prior suit; (2) the same cause of action in the prior suit and the present suit, and (3) the same *Page 7 
parties or their privies in both suits. McAllister v. Wellman,Inc., 162 N.C. App. 146, 148, 590 S.E.2d 311, 312 (2004).
2. Plaintiff's case has already been litigated and the issue of any alleged relationship between the work injury and plaintiff's ankylosing spondylitis has already been considered and finally resolved by the Full Commission and the North Carolina Court of Appeals. The doctrine of res judicata prohibits the Industrial Commission to allow plaintiff to re-litigate this case. Id.
3. Even if res judicata did not apply, plaintiff has failed to show a compensable change of condition. N.C. Gen. Stat. § 97-47.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
This the 27th day of April 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1